REDMAN v. WILLIAMSON et al.

Where, in the Supreme Court, the appellee moved to dismiss the appeal, and affirm the judgment, for the reason, that the transcript contained no bill of exceptions, to show the error complained of in the proceedings and judgment of the court below; *Held*, That the fact that there was no bill of exceptions, did not necessarily preclude the possibility that there was error in the record, not necessary to be shown by a bill of exceptions, and the motion was overruled.

A bill of exceptions makes that a part of the record, which, without it, would not be. If the error appears without it, there need be no bill of exceptions.

The action for a mechanic's lien, is not a proceeding against the property.

And where in an action to establish a mechanic's lien for the erection of a house on certain real estate, the petition alleged that the contract was made with W. acting for himself and the other defendants, the latter being the owners of the lot; and where W. failed to answer, and the other defendants answered, that they were the exclusive owners of the lot; that W. had no interest in it, and this fact was well known to plaintiff, at the time he made the contract with W.; and that W., if he made any such contract, acted without their knowledge or consent, and did not make the contract in their behalf, to which answer there was no replication; and where no evidence was introduced, and the cause was submitted to the court on the pleadings, and the court found the issues for the plaintiff, and rendered judgment against the house; *Held*, That the judgment was unauthorized by law.

*Appeal from the Dubuque District Court.*

THIS was a petition for a mechanic's lien. The petition claims of the defendants, three hundred and fifty dollars, for work done and materials furnished in building a house on part of lot 430 in Dubuque, and prays that the judgment may be established and declared a mechanic's lien upon the premises, or upon the house built and completed on the same by the plaintiff, or on both, as the court shall deem just. Williamson, though served with notice, failed to ap-

pear and answer; but there was no judgment against him by default. The other defendants, Volney White, Harriet White, Lucia White, Sarah Ann White, Gay White, and Lycurgus White, appeared and answered.

The petition alleges, that the contract was made by Williamson, acting for himself and the Whites, the latter being the owners of the lot 430. The Whites answer, that they are the exclusive owners of the lot; that Williamson had no interest in it, and that this fact was well known to plaintiff, at the time he made the contract with Williamson, for the erection of the house; that Williamson, if he made any such contract, as is set up in the petition, acted without their knowledge or consent, and did not make the contract in their behalf; thereby negativing the averments of the petition. The defendants submit the question to the court, whether their property can be affected by Williamson's acts, and pray that the petition be dismissed as to them, and so far as any lien is sought to be established against their property.

To this answer of the defendants, the Whites, there is no replication. No evidence was introduced; the cause was submitted to the court, on the pleadings, and upon such submission, as appears from the record, "the court found the issue for the plaintiff, and adjudged, that the plaintiff have judgment for his amount claimed, with interest, against the house mentioned in plaintiff's petition."

*Wiltse & Blatchly*, for the appellants.

*Nightengale & Wilson*, for the appellee.

STOCKTON, J.—The plaintiff moves this court to dismiss the appeal, and affirm the judgment in this cause, for the reason that the transcript contains no bill of exceptions, to show the error complained of in the judgment or proceedings of the District Court. This motion cannot be granted, as a matter of course. The fact that there is no bill of exceptions here, to show the error complained of, does not necessarily preclude the possibility that there may be error in the record,

not necessary to *be shown by a bill of exceptions, which may call for the interposition of this court. The bill of exceptions makes that a part of the record, which was not so before. If the error appears without it, there is no necessity for it. If, in this cause, the question which the appellants wish to present, for the consideration of this court, appears in the record of the proceedings of the District Court, it will be proper to consider it, though the same may not be presented in the shape of a bill of exceptions. The object of the bill of exceptions, is, to put the question of law on record, for the information of the court of error, having cognizance of the cause. Tom. Law Dic.

The counsel for the defendants, assign for error in the judgment of the District Court, that such judgment should not have been rendered against the house described in the petition; that the same was not authorized by law, under the state of facts developed by the pleadings; nor was the same authorized against a house, where the contract to build was not made with the owner of the lot on which it was situated. The important question for our consideration is, whether the judgment was properly entered against the house situated on lot No. 430. The action for a mechanic's lien, is not a proceeding against the property. It must be commenced as in ordinary actions upon account. It must be against some person by name, as defendant, and can only be by virtue of a contract with the owner of the land. The judgment, likewise, must be rendered against some person as defendant, and cannot be against the land alone. If there has been no contract with the owner of the land, no lien can attach by virtue of the labor done, or materials furnished, in the erection of a house upon it. The amount of interest held by such owner, does not seem to be material. The lien, however, will attach only to such interest. It extends to the whole of his estate or interest, and no farther. Code, §§ 981, 982.

The petition in this case, does not allege that Williamson, who made the contract, had any interest in the lot. It appears, on the contrary, that it was known to plaintiff that the

Whites were the owners of the legal title. It does not al-
lege that the contract for the work or materials, was made
by the Whites; it appears, on the contrary, that it was
made with Williamson alone. The petition avers that Wil-
liamson, in making the contract, was acting for himself, as
well as for the Whites; but in what capacity he was act-
ing for them, whether as agent or otherwise, is not shown.
The answer of the Whites denies his agency or authority,
and denies all knowledge or consent by them, as to the acts
of Williamson.

It appears to us that the plaintiff failed entirely to
make out his case, as alleged in his petition. Under the
state of facts appearing in the record, we are of opinion, that
there could have been no judgment for a lien properly ren-
dered against Williamson; because, although he made the
contract, he was not the owner of the lot, and had no inter-
est in it. There could have been no judgment properly ren-
dered against the Whites; because, although they were the
owners of the lot, they had, in no sense, made the contract
with plaintiff, for the labor and material, and had not in any
manner assented to it. The District Court, however, seems
to have been of opinion, that the plaintiff was entitled to a
judgment for the value of his labor and materials; and as
it could not be rendered against the defendants, nor any of
them, that it ought to be rendered against the building he
had erected on the lot. Such a judgment, to say the least
of it, is rather unusual. In a proceeding for a mechanic's
lien, where there are several defendants, and especially
where, as in this case, their interests are diverse, the plain-
tiff, on proper proof, may be entitled to a judgment against
one or more of them, although he has sued as upon a joint
contract. In such case, however, the other defendants are
entitled to a judgment in their favor, and as to them the suit
should be dismissed. In the present case, the court does
not ascertain against whom, if against any of the defend-
ants, the plaintiff is entitled to recover. It does not deter-
mine as to whom the suit should be dismissed. But, with-
out adjudicating either of these questions, it renders a judg-

ment against "the house." It is needless for us to say, that in this suit the house was not the defendant. The court could not avoid the duty of adjudicating between the plaintiff and the defendants, upon the case presented in the record, by turning aside to render a judgment against some person or thing, not a party to the suit. The judgment is, in our opinion, unauthorized by law. The house, as distinct from the ground on which it stands, is not the subject of a judgment, even if this were an action solely *in rem*. It is as much the property of the Whites, as the lot. It is part of the realty, and cannot be separated from it. Having been erected on their premises, without their consent, the plaintiff, unless he can connect the Whites with the transaction, and render them liable, must rely on his contract with Williamson, and seek his remedy against him. It is only by showing that the Whites were liable, by contract, to pay for the work and materials, that a lien can be established against the lot. For the reasons above given, the judgment of the District Court is reversed, and the cause remanded.