JOHN E. SUTHERLAND *et al.*, Plaintiffs in Error, *v.* MARTIN RYERSON *et al.*, Defendants in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

A party, to avail himself of the benefit of the statute relating to mechanics' liens, whether he be complainant or defendant, must show, by his pleadings and evidence, that his contract comes within its provisions.

Proceedings under this statute are, in all respects, governed by the rules of chancery practice, except so far as the statute has otherwise provided.

Parties defendant, to avail themselves of the lien, should set it up and claim its benefits, in their answer, or by cross-bill.

DEFENDANTS in error filed their petition for a mechanics' lien, in the Cook County Court of Common Pleas.

Petition alleges: " That petitioners are copartners, doing business at Chicago, in the firm name of Ryerson, Miller & Co., in the sale of lumber, and that July 19, 1855, they sold and delivered to Augustus F. Buschick, Washington L. Scoville, and Gustavius E. Buschick, a bill of lumber to the amount of $748.17, upon two months' credit; that said lumber was sold to said Scoville, Buschick & Co. for the purpose of being used, and was used by them, in erecting certain buildings on a certain piece of land," situate in Chicago, being south one hundred feet of southeast quarter of Block 55, School Section addition to Chicago. " And that the buildings so erected on said piece of land still remain there, and are the only buildings situate thereon." Also allege, the whole amount of said bill is due.

Sets forth, that John E. Sutherland, James B. Sutherland, and David R. H. Sutherland, the firm of Sutherland & Co., "also have a claim against said Scoville, Buschick & Co., for lumber sold and delivered to them during the year 1855, amounting in the whole to the sum of $325.03; that said Sutherland & Co. allege, that the whole of said sum is a lien upon said piece of land, and upon the buildings thereon."

And said petitioners further charged, upon their belief, "that a portion, but not all, of said last mentioned lumber was furnished to be used, and was used, for erecting said buildings, or the appurtenances thereto; that the value and purchase price of the said lumber so used, was about the sum of two hundred dollars, and not over that sum, and that said Sutherland & Co. have not any just claim or lien upon the said described piece of land or buildings, for more than the said sum of two hundred dollars."

Petition makes Alexander Siller and Francis A. Hoffmann, William S. Johnson and Charles Reisig, parties defendant, they having claims on the land, and asks an order of sale, and general relief, and that summons issue, etc.

The answer of John E. and David R. H. Sutherland admits, that they and James B. Sutherland compose the firm of Sutherland & Co., and "have a claim against said Scoville, Buschick & Co., for lumber sold and delivered to them during the year 1855, amounting in the whole to the sum of $325.03; and your defendants herein allege and claim, that the whole of said sum of $325.03, the amount of the bill for said lumber, is a lien upon the said piece of land, and the buildings thereon, mentioned and described in said petition;" and denies, "that a portion, but not all, of said lumber was furnished to be used for erecting said building and appurtenances thereto; but insists and claims, that the whole of said bill of lumber, to said amount of $325.03, was purchased for, and used in and about the construction of the building and appurtenances, on said piece of land mentioned in the petition herein, and is now a lien thereon."

And said John E. and David R. H. Sutherland, further answering, say, that they had, on the 3rd day of January, 1856, filed their petition as such firm, against said Scoville, Buschick & Co., in the Cook Circuit Court, to recover for their said bill of lumber, and asking that the same be declared a lien upon the said piece of land, etc., and "that such proceedings or suit is still pending and undetermined, and such petition was filed, and suit commenced, and defendants summoned, previous to the commencement of the proceedings herein, or the filing of the petition herein."

Jurat, etc. Subscribed and sworn to, etc.

The answer of Scoville, Buschick & Co. purports to be their joint and several answer; admits the lumber was purchased for, and used as stated in the petition; that the amount of Ryerson, Miller & Co.'s claim is correct, $748.17, and still unpaid, and that they had purchased the land in question, by contract, of William S. Johnson, Jr., as alleged in the petition, for the sum of $1,000, and had paid $500 thereon.

Decree entered, taking the petition as confessed as to the defendants, Alexander Siller and Francis A. Hoffmann. As to the rest of the defendants, the court says: "And it also appearing to the court, from said petition, and from the answers and papers on file in this suit, that the allegations and statements in said petition contained are true; on like motion, it is further ordered, adjudged and decreed, as against all of the defendants that have been served with process, or have appeared, to wit, all except James B. Sutherland, that the rights and liabilities of the petitioners, and of defendants respectively, are as stated and claimed in said petition; that said petitioners do have a mechanics' lien upon the premises in the petition set forth, and that the said petitioners do recover of August F. Buschick, Washington L. Scoville and Gustav E. Buschick, the sum of seven hundred and seventy-nine dollars and eighty-four cents; that the premises," etc., (here follows a description of premises,) be sold by the coroner and acting sheriff of Cook county; that the proceeds of such sale be applied to the payment of the sum so due the petitioner as aforesaid, and the costs of this suit; and that the petitioners are to be at liberty to apply to this court as occasion may require in the matter.

Special execution issued April 29th, 1856.

Land sold, June 2, 1856, for $750, and money paid over by sheriff to petitioners.

A. GARRISON, for Plaintiffs in Error.

FARWELL, SMITH & THOMAS, for Defendants in Error.

WALKER, J. This was a petition filed against Buschick, Scoville and Buschick, by Ryerson, Miller and Morris. The Sutherlands and others were made parties, as having, or claiming to have, liens upon, or some interest in the premises, against which the mechanics' lien was sought to be enforced. The petition alleges that the complainants had furnished materials to erect a building on the premises, to the amount of seven hundred and forty-eight dollars and seventeen cents. They also allege that plaintiffs in error claimed to have a mechanics' lien, for $325.03 upon the premises, but they deny that it is a lien

for more than two hundred dollars. The Buschicks and Miller admit the lien of petitioners as alleged, but make no answer as to the claim of plaintiffs in error. Plaintiffs in error, however, answer, and allege that they have a lien on the premises for the entire sum of three hundred and twenty-five dollars and three cents, and that they have commenced proceedings to enforce it, in another court. On the hearing, the court decreed that petitioners had a lien on the premises, to the extent of their claim, and that it be sold for its satisfaction. In rendering the decree, the court does not notice the claim of plaintiffs in error, and they now seek to reverse the decree, for the reason, that their claim was not decreed to be paid from the proceeds of the sale of the premises.

The answer, filed by plaintiffs in error, does not pretend to set up, or rely upon, any contract, that would, under the statute, create a mechanics' lien. They do not allege that any time, was, by the contract, agreed upon for either the delivery of the materials, or for the payment of the money. Had this answer been a petition, there could be no pretense that it disclosed such a state of facts as could create a lien of this character; nor does the evidence in the case, show anything more than the answer. It is not the furnishing of the materials or labor alone, which creates this lien, but it is the contract of the parties, and the furnishing of the labor and materials under it, which have that effect. And a party, to avail himself of the benefit of the statute, whether he be complainant or defendant, must show, by his pleadings and evidence, that his contract comes within its provisions. In this case, the answer fails to show that the parties are entitled to a lien, and is, in that respect, totally defective. Nor is it aided by the allegations contained in the petition, which alleges that plaintiffs in error have a claim against Buschicks and Scoville, for materials furnished in 1855, which they claim to be a lien upon the premises. It likewise alleges that a portion only of the lumber furnished by them was to be used in erecting the building on the premises, and that the value of the portion so used, was not exceeding two hundred dollars, and they have not any just claim or lien on the premises for more than that sum. They do not allege that this debt was a lien, nor do they state facts from which the court can see that such a lien existed. They admit an indebtedness for lumber, a part of which was applied to the building, but do not admit that it was under such a contract as creates a lien, but only that the plaintiffs claim such. Then, as the record fails to disclose such a right in favor of plaintiffs in error, no error is perceived in the decree of the court, in not ordering the payment of their claim out of the proceeds of the sale of the premises.

Again, this court has held that this proceeding is governed in all respects by the rules of chancery practice, except so far as this statute has otherwise provided. This being the case, to have availed themselves of the benefit of their lien, they should have set it up and claimed it in their answer, or by cross-bill. The answer in this case does not insist upon the lien, nor does it pray for any relief, nor is there any indication that it was intended for a cross-bill, or that any relief was desired in this proceeding. The court was not asked to decree the relief now insisted upon, and had no authority to regard the claim of the plaintiffs in error on the hearing under the pleadings in the case. The mere admission, in their answer, that they have a claim, and their naked statement that it is a lien, is not sufficient, and does not authorize the court, on its own motion, to afford affirmative relief.

For these reasons, the decree of the court below is affirmed.

*Decree affirmed.*