CLEAR CREEK, COLORADO, GOLD AND SILVER MINING COMPANY et al. *v.* ROOT et al.

PRACTICE — *assigning errors.* Errors should be assigned with such particularity as to give information of the objections to the record upon which the plaintiff intends to rely.

PRACTICE *in cases of mechanic's lien.* In cases arising under the act relating to mechanic's liens (Rev. Stat., ch. 54, 427) the chancery practice is to be observed.

PRACTICE — *evidence to support bill confessed.* Upon bill confessed, the court may proceed to a decree, with or without evidence, to support the bill, and this rule is applicable to lien cases.

INTEREST *on demand secured by lien.* A debtor may agree to pay interest on a demand secured by mechanic's lien as well as upon any other, and, whatever its effect among creditors, the debtor cannot object to pay the interest.

PLEADING AND PROOF — *decree must not exceed demand in bill.* A decree cannot be entered for more than is claimed in the bill.

SERVICE BY PUBLICATION — *what evidence sufficient.* Where the decree recites this there was notice by publication, and the record is not complete, the decree will not be reversed because the certificate of publication is not found in the record.

TIME TO REDEEM — *discretionary.* Where the court has allowed ninety days before sale in which the premises may be redeemed, the decree will not be disturbed on that account.

*Error to District Court, Clear Creek County.*

Mr. L. C. ROCKWELL, for plaintiff in error.

Mr. WILLARD TELLER, for defendant in error.

HALLETT, C. J.   The sufficiency of the petition, and the extent of the premises subjected to the lien, are not questioned by the assignment of errors, and although allusion has been made to those questions in the argument, we shall not consider them.   The first, second and third causes of error are upon the sufficiency or the want of evidence to support the decree.   The fourth cause appeals to the service of process, and the sixth to the time allowed for payment of the sums found due.   The only assignment upon which other objections to the record can be founded, is the fifth, and this is substantially *quod in omnibus erratum est*, and bad according to Bacon's Abridgment.

To say that the decree is contrary to law, equity and good conscience, without specifying in what particular, serves no practical purpose.   The plaintiff in error might as well refuse to state his objection as state it in such general terms, and, if such practice were allowed, defendants in error would never know, in advance of the argument, what points were in issue.   Errors should be assigned with such particularity as to give information of the objections to the record upon which the plaintiff intends to rely.

By the twenty-third section of the chapter of the Revised Statutes relating to liens, it is provided, that in proceedings under the act courts are vested with all the powers of courts of chancery, and shall be governed by the rules of proceeding and decision in those courts, so far as those rules of proceeding and decision are applicable to cases and questions presented for adjudication and decision under the act.

With propriety, this has been regarded as establishing the chancery practice in cases of this kind, subject, of course, to such modifications as are provided by the act relating to liens. *Sutherland et al.* v. *Ryerson et al.*, 24 Ill. 517.

The nineteenth section of the act relating to chancery

practice has been held to confer upon the court power to proceed to a decree, upon bill confessed, with or without evidence to support the bill, as the court shall, in its discretion, deem best.  *Stevens* v. *Bicknell*, 27 Ill. 444.

It is contended that a different rule should be applied to lien cases, but we do not discover any ground for doing so. The rule in question is quite as applicable to this proceeding as any other rule of chancery practice, and it is therefore precisely within the terms of section 23 of the act relating to liens.   The bill in this case having been taken as confessed by plaintiffs in error, the want of evidence to support it is no ground for reversal.

Another question arises as to the amounts of money awarded to defendants in error respectively by the court below, which, it is said, exceed the demands of the bill.   It appears that a portion of Root's demand was secured by promissory note, bearing interest at the rate of two per cent per month after maturity, and as this contract for interest was within the provisions of the statute upon that subject, we see no objection to its allowance.   Surely a debtor may agree to pay interest upon a demand secured by mechanics' lien as well as upon any other.

Perhaps a question might arise among creditors or subsequent incumbrancers as to the effect of an agreement by the debtor to pay interest, by which the demand of one creditor would be increased to the prejudice of another. But no such question is presented in this case, as we are confident that the debtor himself cannot rely upon such an objection.   It may be well to notice, in this connection, that the Franklin Silver Mining Company, one of the plaintiffs in error, has not disclosed any connection with the property mentioned in the bill, or shown any right to complain of the amount of the demands of defendants in error.   We do not perceive that the amount adjudged to Root exceeds the claim made by the bill, for it is no more than the note with interest, and the account which was not included in the note added. But Waterman claims in the bill $168.42, and the decree in his favor is for $192.   There was no agreement to pay interest

to him, nor was there any settlement of the account upon which such an agreement could have been implied. In so far, then, as the decree exceeds the demand stated in the bill it is erroneous and must be modified.

The next question in the order in which they are presented by the assignment of errors relates to the service of process, which, we think, was not deficient, or, at all events, no deficiency was shown. The Franklin Company appeared voluntarily in the court below, and, as to the other, the decree shows that there was notice by publication. Perhaps this would not be sufficient, without the certificate of publication itself, if the record was full and complete. But the certificate of the clerk does not show this to be a full and complete record, and we will, therefore, presume that the court below acted upon sufficient evidence of the notice by publication.

As to the last point, it was within the discretion of the court to fix the time for the payment of the sums found due to defendants in error, although it has been held that the time ought not to be less than the life of an execution upon a judgment at law. This period was allowed in this case, and there appears to be no reason for questioning the correctness of the decree in this respect.

The decree is reversed, with costs, and the cause is remanded, with directions to the court below to enter a decree according to the views here expressed.

*Reversed.*