MILLER v. HOLLINGSWORTH.

1. Mechanic's lien: HUSBAND AND WIFE. A mechanic's lien rests upon contract made with the owner of the land, or his authorized agent; and its enforcement must be by ordinary proceeding. The principles of equity jurisprudence do not apply.

2. —— The agency of the husband to contract for lumber on the part of the wife will not be presumed from the marital relation alone; nor from the fact that the lumber was used by the husband in the erection of a house upon land of the wife.

*Appeal from Jasper District Court.*

THURSDAY, FEBRUARY 22.

ACTION for the enforcement of a mechanic's lien upon real estate of the defendant for $163, the value of 5,000 feet of lumber sold to defendant, as is alleged, through her agent, F. Hollingsworth, and used in the erection of a dwelling-house on the defendant's premises, to wit: The south ½ of the south-west ¼, and the north-west ¼ of the south-west ¼ of section 1, township 81, range 20, west.

The answer admits ownership of the premises, and denies the other allegations.

The cause was tried by the court, and the following facts were found.

"1. In the spring of 1868, Frederick Hollingsworth and the defendant, Elizabeth, were husband and wife and lived with their family in Jasper county, about twenty-five miles from the land on which plaintiff seeks to establish his lien, to wit: The south ½ and the north-west ¼ of the south-west ¼ of section 1, township 81, range 20. The title to this land was, at that time, and still is, in the defendant, and she is the owner thereof in her own right. It was then uncultivated and unoccupied."

"2. In March, of said year, the husband Frederick and two of his sons, taking a team with them, left home for the purpose of entering upon, improving, and, if they could procure the lumber, building a house on said land, preparatory to moving the family on to it. This was with the knowledge and acquiescence of defendant. No express authority was given, however, by the defendant to her husband, to make any contracts in her name, nor did she know how or where he expected to procure the lumber."

"3. The husband and one of his sons, a young man,

carpenter by trade, who was assisting his father in the building of the house, went to plaintiff's lumber yard, in Newton, and the father informed plaintiff they were building a house on land north-west of Newton, and wanted to get lumber on time, and they would give their note, and the plaintiff agreed with the said Frederick to let him have the lumber. Plaintiff did not know at the time who owned the land, but supposed it was owned by one or both of the parties then there."

"4. Lumber was furnished under the above contract, to the value of $163, and taken by said Frederick, and used, in connection with $70 worth bought at another yard, in the erection of a dwelling-house on said land. As soon as the house was inclosed, and before it was finished, to wit : April 3d, the said Frederick and their family moved into it."

"5. May 23d, 1868, when the last lumber was got, plaintiff prepared a joint and several promissory note, for $163, payable seven months after date, with interest at ten per cent, for the said Frederick and his son to sign. The said Frederick signed the note himself, and it was left with plaintiff for the son to sign at some future time, but it was never signed by any person but the said Frederick. There appears upon it two five cent revenue stamps uncanceled. It has remained in the possession of the plaintiff up to the present time."

"6. February, 1869, the said Frederick died. The note has never been presented as a claim against his estate, nor allowed, or any portion of it been paid; and no payment has been made by any person for any of said lumber."

"7. Defendant did not know of the debt thus contracted with plaintiff for the lumber, until in September, 1869. She has continued, with her family, to occupy the house since moving into it in April, 1869."

"8. November 10, 1869, the plaintiff filed notice of his

lien in words and figures attached to the petition." Upon these facts the court based the following conclusions of law.

" 1. The above facts do not justify the conclusion that the said Frederick was authorized to contract for lumber for defendant, that he did contract for the same as her agent, or that she has ratified his acts, in such a way as to render her liable to plaintiff for the debt."

" 2. Plaintiff is not in this action against the defendant, entitled to a judgment establishing a mechanic's lien against said premises."

Judgment was rendered for defendant for costs. Plaintiff appeals.

_Clark & Ryan_ for the appellant.

_Howe & Campbell_ for the appellee.

DAY, J. — The facts found, of which no complaint is made, justify the legal conclusions of the court. The right to the establishment of a mechanic's lien grows out of the fact of material furnished or labor performed under or by virtue of a contract with the owner or proprietor, or his agent. Revision, § 1846. If there has been no contract with the owner of the land no lien can attach by virtue of the labor done, or materials furnished in the erection of a house upon it. _Redman_ v. _Williamson_, 2 Iowa, 488. In this case it is claimed that the contract was made with the husband of defendant as her agent. His agency cannot be inferred from the marital relation alone. Some previous appointment, or general holding out to the public as agent, or subsequent adoption or ratification of his acts is essential in order to hold the wife bound thereby. In this case it merely appears that the wife knew her husband intended building a house on her land if he could procure the lumber. She did not know

he *intended* procuring the lumber on credit, nor that he *had done so*, until after the husband's death. It is not nearly so strong a case of agency as *McLaren* v. *Hall*, 26 Iowa, 297, where the plaintiff, in virtue of a contract with William Hall, made various improvements upon the house of Sarah Hall, wife of William, the said Sarah being present while the work was in progress, and giving various directions as to the manner in which it should be done. And yet, in that case, in a suit against the wife, aided by an attachment against the property upon which the work was done, it was held that the husband was not shown to be the wife's agent, and that she was not liable in the action.

This case fully sustains the ruling of the court below as to the husband's agency.

Appellant, however, claims that this case partakes of the nature of an equitable proceeding, and that the principles of equity are properly applicable to it, citing *Greenough* v. *Wiggington*, 2 G. Greene, 437. That case was decided under chapter 92 of the Revised Statutes of 1843, which contains provisions essentially different from our present law, providing that the court shall give judgment according to the justice and equity of the case, and that no other property of the defendant than that upon which the lien is established, shall be bound for the payment of the judgment. Our present law, in case the defendant has been served with notice or appears, authorizes an execution against the property upon which the lien is established, only when no other property of the debtor, sufficient to satisfy the judgment, can be found. But the question is settled by the subsequent case of *Redman* v. *Williamson*, 2 Iowa, 488. In this case it is said: "The action for a mechanic's lien is not a proceeding against the property. It must be commenced as in ordinary actions upon account. It must be against some person by name, as defendant, and can only be, by virtue of a contract, with the owner of the land."

We by no means intend to hold that the defendant is absolutely discharged from liability for this material furnished. If her estate has been benefited it may be that in a court of equity she would be held responsible therefor.

But we feel clear that, in view of principles already settled by this court, she cannot be held liable in this action.

Affirmed.