## HEATON & TODD v. HORR ET AL.

1. **Mechanic's Lien**: DOES NOT FOLLOW THE MATERIALS. A mechanic's lien attaches to the building or improvement erected with the materials furnished, but does not follow the materials into the hands of a vendee of the purchaser and attach to a building he may use them to erect.

2. ———: RULE APPLIED. H purchased lumber and conveyed it to a lot he had contracted to purchase, and, after doing a small amount of work in the erection of a building, sold the lumber to K, who was aware it had not been paid for, and who removed it to another lot whereon he erected a building for which he used the lumber: *Held*, that a mechanic's lien for the purchase price could not be enforced against the lot and building of K.

*Appeal from Cerro Gordo Circuit Court.*

THURSDAY, DECEMBER 16.

THE petition in substance alleges that on the 18th day of November, 1873, plaintiffs made a verbal contract with the defendants, Horr and J. B. Kelley, to furnish lumber for a building situated upon lot 8, block 14, in the village of Rock Falls, of which lot said defendants were owners; that in pursuance of said contract plaintiffs furnished lumber of the value cf $214.89, with which said defendants erected a frame building on said lot; that plaintiffs filed with the clerk of the Circuit Court of Cerro Gordo county their true account of said materials, duly verified, claiming a mechanic's lien on said building and lot. Plaintiffs ask judgment for $215.00, with interest and costs, and that their mechanic's lien be established and enforced.

Afterward plaintiffs filed an amendment to their petition, alleging that the lumber was furnished to the defendant Horr, who had at the time purchased a part of said lot of the defendant, Kelly, but that Kelly had the title thereto, and that subsequent to the furnishing of said materials, Kelly purchased Horr's interest in said lot and said lumber and continued the erection of said building thereon; that Kelly purchased said

property with full knowledge that Horr had purchased said lumber of plaintiffs for said building, and had not paid for it, and had full notice of the rights of plaintiffs, and undertook to become paymaster and responsible therefor; and that said purchase was made by Kelly before the time of filing a mechanic's lien had expired.

The defendants, J. B. and Sarah Kelly, filed their answer denying that plaintiffs at any time made any contract to furnish either of said defendants any of said lumber, and that Horr had any interest in said lot, and that plaintiffs furnished said defendants any of the materials set out in their bill, and that they ever contracted for the same.

The cause was tried by the court and judgment was rendered against J. B. Kelly for $14 41, and costs of suit, and a lien was established against the lot and building for the same. The court also rendered judgment against Frank Horr for the sum of $212.00, but refused to establish a lien for the same. Plaintiffs appeal.

*Hartshorn & Flint*, for appellants.

A mechanic's lien for materials attaches upon the day of delivery. (*Monroe v. West*, 12 Iowa, 122.) That the purchaser had a contract for the lot on which he intended to build constituted a sufficient interest. (*Monroe v. West*, *supra*.) A purchaser of property on which another has a lien, with notice of the lien, takes it subject thereto, and if he mixes it with his own, the lien holder may proceed in a court of equity against the property. (1 Story's Eq. Jur., §§ 394, 465; *Shepherd v. McEvers*, 4 Johns. Ch., 136.) A mechanic's lien attaches for all materials furnished under the contract, whether before or after liens subsequently acquired by third persons. (*Jones v. Swan*, 21 Iowa, 181.) The giving of a promissory note is no waiver of a mechanic's lien. (*Green v. Ely*, 2 G. Greene, 510; *Logan v. Attix*, 7 Iowa, 77.) If defendants were not in fact partners, yet by acting and receiving credit as such, they are estopped from denying the partnership. (*Frost v. Saratoga Mut. Ins. Co.*, 5 Denio, 157; *Maxwell v. Gibbs*, 32 Iowa, 32.) When a verdict is against the evidence, this court

will reverse the judgment. (*Lester v. Sallack*, 31 Iowa, 477; *McAunich v. M. & M. R. Co.*, 20 Id., 338.)

*Goodykoontz & Wilber*, for appellees.

A mechanic's lien being a statutory remedy, a party seeking relief thereunder must bring himself clearly within its provisions. (*Green v. Ely*, 2 G. Greene, 510; *Logan v. Attix*, 7 Iowa, 79.) The contract must be made with the owner of the lot. The judgment must be a personal one and not against the building or lot. (*Redman v. Williamson*, 2 Iowa, 491.) If the intention of the party creating the estate is that it shall not vest till a condition be performed, that condition must be performed before the estate can vest. (4 Kent's Com., p. 125.)

DAY, J.—The cause was determined by the court without any finding of facts. It is stated by appellants, in their argument, and is not controverted by the appellees, that the defendant, Kelly, owned lot 8, block 14, in the village of Shell Rock Falls, which he divided into three building lots of 22 feet front each, one of which he sold by contract to Horr, who had not paid for it; and on this the building was to have been erected.

The other facts, which the court may fairly have found to be established by the testimony, are as follows: About the middle of November, 1873, the plaintiffs made a contract with the defendant, Horr, to furnish him lumber to build a house on the lot in question, and pursuant to this contract they sold and delivered to him lumber to the value of $201.35. This lumber was hauled to that portion of the lot which Horr had contracted to buy of Kelly. The building contemplated to be erected upon this lot was sixteen by twenty-four feet. About a week after the lumber was placed on the ground, and when about two days' work had been done toward the erection of the building, Horr sold the lumber to the defendant Kelly, for a half-interest in a billiard table which was purchased by Horr & Kelly, and for which their joint note was executed. Kelly removed the lumber to another of the subdivisions of said lot eight, and used it, in connection with other material,

in the erection thereon of a building twenty feet by forty, upon which the plaintiffs seek the establishment of their lien. At the time of the sale of the lumber to Kelly, Horr was expecting money from his mother, and it was agreed between him and Kelly, that if Horr should pay one-half the cost of erecting the building, and $57.50 for the lot, he should become a partner in the building and lot. Pursuant to this arrangement, Kelly kept an account so as to be able to determine one-half the cost of the building. Horr was about the building, assisting in its construction, but the general direction of everything was assumed by Kelly. The hardware, latches, nails, etc., were charged, by the person who furnished them, to Kelly & Horr, but Kelly afterwards paid for them; he also paid the hands, and bore all the expense of the erection. Horr never obtained his money, and he never acquired any interest in the lot or building.

Kelly knew, when he bought the lumber, that it had not been paid for, but he was told by Todd that Horr was working in the cooper shop, and was paying for the lumber at the rate of ten dollars per week; that he was getting along all right, and it would not take him long to pay for it.

I. Appellant claims that a lien attached to the lumber delivered by the plaintiff to Horr, at the time of the delivery, and that, even if it was the fact that the sale of that lumber by Horr to Kelly was absolute, and that Horr had no interest in the lumber, building, or lot on which it was erected, yet, as Kelly at the time of his purchase had actual notice that the lumber was not paid for, he took it subject to the lien. The lien in question is purely statutory, and its existence depends solely upon the provisions of the statute. Section 2130 of the Code provides: Every mechanic or other person, who shall furnish any materials for any building, erection, or other improvement upon land, by virtue of any contract with the owner, shall have, for his materials furnished, a lien upon such building, erection, or improvement, and upon the land belonging to such owner, on which the same is situated, to secure the payment for such material furnished. This gives no lien upon the materials

*1. MECHANIC'S lien: does not attach to materials.*

themselves. The lien attaches only to the building, erection, or improvement made with the materials, and the land on which the same is situated. If the purchaser of such materials, instead of using them for the contemplated erection or improvement, sells them to one who purchases without fraud, no lien follows them into the hands of the purchaser.

It is essential to the existence of a mechanic's lien that the contract for the materials should be made with the owner of the lot upon which the building is erected, and against which the lien is sought to be established. *Redman v. Williamson*, 2 Iowa, 488.

II. Appellant next insists that Horr has a joint interest with Kelly in the lot, in the building, and in the lumber and material out of which it was erected, to which a mechanic's lien in favor of plaintiffs attached.

This position is not sustained by the testimony. The evidence shows that Horr was to have an interest in the lot and building, if he succeeded in obtaining the money with which to pay for it, but that he did not obtain the money, and there is no proof that he ever paid a dollar toward the building or lot.

III. It is next claimed that if Kelly and Horr were not, in fact, partners, yet, by holding themselves out, acting, purchasing material and receiving credit as such, they are estopped from denying such partnership.

This might be so as to persons dealing with them, believing them to be partners, on account of their mode of doing business, and the manner in which they held themselves out. But the clear preponderance of the evidence is that plaintiffs made the contract with Horr, and the lumber was delivered before plaintiffs had any suspicion or intimation that Horr and Kelly were partners. Plaintiffs cannot claim that they were led into any course of dealing because of the supposed partnership relation.

We see no error in the judgment of the court below.

AFFIRMED.