FREDERICK WENDT *et al.*

*v.*

WILLIAM W. MARTIN *et al.*

1. MECHANIC'S LIEN—*must be under contract with the owner.* It is the contract of the parties, and the furnishing of labor or material under it, that creates a lien under the statute, and the contract must have reference to the land sought to be subjected to the lien.

2. SAME—*material sold to husband of owner on his own account.* Where a husband purchases materials which are used by him in repairing a house owned by his wife, and in so doing does not purchase for her, or profess to act in her behalf, but buys on his own account and solely on his own credit, giving his note for the price, no lien will be created upon the premises of the wife.

WRIT OF ERROR to the City Court of Alton; the Hon. HENRY S. BAKER, Judge, presiding.

Mr. CHARLES P. WISE, for the plaintiffs in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a petition, brought by William W. Martin and Manuel N. Bools against Frederick Wendt, and Susannah Wendt, his wife, to enforce a lien against the lands of Susannah Wendt, for lumber purchased on the 15th day of March, 1869, by Frederick Wendt.

It appears, from the evidence, that Frederick Wendt had no authority from his wife to make the purchase for her or upon her account, nor did he profess to buy for her or to bind her in any manner for the payment of the lumber. On the other hand, when Frederick Wendt made the purchase he was solvent and responsible for his contracts, and bought the lumber on his own account, and solely on his own credit, and some time after the purchase he gave his note for the same, due in six months. It is true, the lumber purchased was used for the purpose of repairing a house owned by Susannah Wendt, but it does not appear that the petitioners, at the time

the sale was made, knew the lumber was to be used for that purpose, or that she owned the land.

The statute in force when the lumber was sold, declares: "Any person who shall, by contract with the owner of any piece of land or town lot, furnish labor or materials for erecting or repairing any building, or the appurtenances of any building, on such land or lot, shall have a lien upon the whole tract of land or town lot, in the manner herein provided, for the amount due him for such labor or materials."

The contract in this case had no reference to the land which the petitioners now seek to subject to the lien, and on the authority of *Burkhart* v. *Reisig,* 24 Ill. 529, the land can not be held liable for the indebtedness. It is the contract of the parties, and the furnishing of labor or materials under that contract, that creates a lien under the statute, and the lien can not be created or enforced unless the contract falls within the provisions of the statute. *Sutherland* v. *Ryerson,* 24 Ill. 517. The owner of the premises made no contract for lumber. It was not sold upon her credit, but, on the contrary, it is apparent that the sale was made to Frederick Wendt, upon an open account.

Under such circumstances, no lien was created. It is not pretended that any fraud was practiced upon the petitioners. They do not claim that the credit was given in the belief that Frederick Wendt owned the land in question, or that the wife did, or omitted to do, any act which led to the sale of the lumber. This record contains no facts which would bring the case within the rule announced in *Anderson* v. *Armstead,* 69 Ill. 452, as is apparent by a mere reference to the facts.

The judgment of the court was not warranted by the evidence, and it will be reversed and the cause remanded.

*Judgment reversed.*