W. C. BRADBURY & CO., APPELLANTS, v. T. A. BUTLER & SON, APPELLEES.

1. RIGHT OF COURT TO EMPLOY CERTAIN FORMS AND RULES OF PRACTICE.—In the prosecution of a proceeding which comes within a recognized class of actions, the forms and rules applicable to that class may be adopted. So a proceeding to enforce a mechanic's lien, being of an equitable nature, it comes within the rule which recognizes the right of the court to submit questions of fact involved to the determination of a jury.

2. WAIVER OF OBJECTIONS TO JURY TRIAL IN MECHANIC'S LIEN CASE. —Where the only issue, in a proceeding to enforce a mechanic's lien, is a question of fact as to the amount of the plaintiff's claim, and the defendants being present in court, a jury is called to try this issue and determine the amount due, no objections being interposed by defendants, but they introduce their evidence and participate generally in trial of the issue, they are not in position to complain that the court should have referred the matter to a referee to ascertain and report upon the sum justly due on the claim made, as permitted by statute in such case.

3. RIGHT TO LIEN NOT AN ISSUE FOR JURY.—The determination of a question of fact by a jury in a mechanic's lien proceeding, and the adoption by the court of the finding does not necessarily involve the right of the plaintiff to a lien.

4. EVIDENCE OF USAGE AND CUSTOM.—When parties contract on a subject-matter concerning which known usages prevail they incorporate such usages, by implication, into their agreements, if nothing is said to the contrary; so where the contractors for the excavation and construction of an irrigating ditch employed subcontractors to perform part of the work, but the contract omitted to state upon what engineer's report the estimates of work and labor were to be based, it was proper to admit evidence of custom to determine the point.

5. OBJECTIONS TO INSTRUCTIONS—ENTIRE CHARGE TO BE CONSIDERED. —In construing a charge to a jury the entire charge must be consid-

ered, and when appellant does not embrace within the transcript the whole charge given, a court of review cannot decide whether a party was prejudiced or not by the refusal to give instructions prayed by him.

*Appeal from District Court of Pueblo County.*

Messrs. HARTZELL & PATTERSON, for appellants.

Messrs. BETTZ & VATES, for appellees.

RICHMOND, P. J.   In the year 1890 W. C. Bradbury & Co. had a contract for the construction of an irrigating ditch, known as the Bob Creek Canal.   Mr. Bradbury let subcontracts, among which was one to the appellees, T. A. Butler & Son, for the doing of a certain portion of work. The contract was let in the month of March, 1890, and was completed the last of May, same year.   At the completion of the work Bradbury & Co. were unable to agree with Butler & Son upon the amount of earth, stone and other material excavated and filled, and the prices to be paid therefor. Certain payments had been made in the course of the work, and this contention only related to the final payment to be made by Bradbury & Co.   No satisfactory agreement having been arrived at Butler & Son, within the statutory time for filing a lien, filed their lien notice with the proper authorities and commenced suit in the district court of Pueblo county for foreclosure of the same.   To this complaint an answer was filed and the case came on for trial on the 19th day of June, 1891.   The court summoned a jury and submitted the issues in the case to them.   Testimony was taken and verdict found in favor of plaintiffs for the sum of $2,142.38, and upon this judgment a decree was entered foreclosing the lien and ordering a sale of the canal, unless payment be made and the decree complied with in all respects.

The foregoing is the statement of the case as made by appellants, and is accepted as correct by counsel for appellees, with the exception that appellants erred in stating that the

decree foreclosing the mechanic's lien was upon the finding
of the jury alone; and with the additional statement that
the court of its own motion referred the issue as to the amount
due plaintiffs to a jury.    To reverse this decree appellants
prosecute this appeal.

Several errors are assigned, but counsel for appellants con-
denses them into three, as follows:

First. The action of the court in submitting the whole is-
sue to a jury and entering up a final decree upon the verdict
of the jury alone.

Second. Error in the admission of testimony offered on be-
half of the plaintiff in the court below.

Third. The refusal to give the instructions offered by
counsel for defendants in the court below.

It is contended by appellants that the court should have
proceeded to hear and determine the liens and claims of plaint-
iffs, or should have referred the same to a referee to ascertain
and report upon such claims and liens, and the sums justly
due thereon; and in support of their contention call atten-
tion to section 2891 Mills Annotated Statutes, vol. 2, which
provides that the court may proceed to hear and determine
said liens and claims, or may refer the same to a referee to
ascertain and report upon said liens and claims and the sums
justly due thereon.

It is insisted that this provision of the statute is manda-
tory.    That it was not in the power of the court to do other-
wise than hear and determine the issues, or to refer the
matter to a referee.    Let it be borne in mind, when consid-
ering this assertion on the part of appellants, that they have
by their statement of the case practically determined that
there was but one issue for the consideration of the court or
referee.    They say " at the conclusion of the work Bradbury
& Company were unable to agree with Butler & Son upon
the amount of earth, stone and other material excavated and
filled, and the prices to be paid therefor,"—thus leaving for
the consideration of the court, referee or a jury this question
of fact.

A careful reading of the testimony and record in this case, as well as a review of the conclusions of the jury, satisfactorily establishes the fact that the only question submitted to the jury was the question of the amount due. Now comes the inquiry,—under the statute was it in the power of the court to submit this issue, involving this question of fact, to a jury for its determination before proceeding to a final decree in the case?

This is a proceeding to foreclose a mechanic's lien, and consequently is in the nature of a proceeding in chancery. And, being so, it was within the universally accepted rule recognizing the right of a chancery court to submit questions of fact to a jury for its consideration. It is a proceeding to enforce a lien, or, in other words, under the statute there is created a sort of mortgage or security which follows the original debt or obligation, and which may be properly enforced on the chancery side of the court. *Brock et al. v. Bruce et al.*, 5 Cal. 279.

When the proceeding is declared expressly to belong to a recognized class of actions, the forms and rules of procedure applicable to that class will be held to apply to the enforcement of a lien. As where it was provided that the foreclosure shall be governed by the rules of proceedings and decisions in the courts of chancery, so far applicable, chancery practice is to be observed. The same proposition has been held applicable to suits under this law even in the absence of statutory direction. Phillips on Mechanic's Liens, § 310.

Proceedings to enforce rights under the mechanic's lien law are in their nature equitable, and prior to the present code were administered by the chancery side of the court and governed by the rules of chancery practice. The distinctive rules and principles applicable to legal and equitable rights and remedies, as heretofore distinguished, are unaffected by the abolition of forms under the code practice. *San Juan & St. L. M. & S. Co. v. Finch*, 6 Colo. 214; *Gold*

& *Silver M. Co. v. Root*, 1 Colo. 374; *Decker v. Myles*, 4 Colo. 558.

In addition to this we are of the opinion that the appellants are not in a position to complain, because they were present in court, were familiar with the provisions of the statute, and, at the time the court directed a jury to be called for the purpose of trying this issue, they should then and there have interposed their objections and asked a reference to a referee for the purpose of ascertaining this amount. Instead of so doing they proceeded to the trial of the cause, introduced their evidence in the presence of the court to the jury, submitted their instructions, addressed the jury and received at the hands of the court and jury a full and complete consideration of their entire claim in the matter.

We are not prepared however to go so far as to say that in this they waived their right to object, in case the court had submitted all of the issues involved to the consideration of the jury, which was not done. The finding of the jury, and the adoption of such finding by the court, did not necessarily involve the right of lien and foreclosure which was afterwards determined by the court.

The second error is the admission of testimony offered on behalf of plaintiffs in the court below, which was objected to by defendants. The contention is that testimony relating to general custom in the construction of railroads and canals, explaining the contract sued upon in this case, was improper.

This was an action based upon a parol contract, and it is admitted by both sides that the contract so made did not specify upon what engineer's report the estimates of work and labor were to be based, and in the absence of an agreement indicating the basis of estimates we are clearly of the opinion that the testimony of custom was admissible. It is fair to assume that the plaintiffs did the work expecting that they would be paid on the basis of the engineer's report governing the contract of Bradbury & Company with the original parties.

The testimony tended to put the court and jury in the

place of the contracting parties, so that they might fully understand the agreement. Parties who contract on a subject-matter concerning which known usages prevail, incorporate such usages, by implication, into their agreements, if nothing is said to the contrary. *Hostetter v. Park*, 137 U. S. 30.

It is obvious from the complaint, answer and statement of the case, that the parties to the contract contemplated that the estimates should be based upon the report of different engineers, yet the contract, by its terms, is silent, and one or the other, and not both, must have been in the minds of the parties at the time the agreement was entered into.

In the absense of an express agreement on the subject, extrinsic evidence must of necessity be resorted to, in order to find out what was in the minds of the parties at the time of entering into the agreement; and what extrinsic evidence is better to ascertain this than that of custom?

" If a person of a particular occupation in a certain place makes an agreement, by virtue of which something is to be done in that place, and this is uniformly done in a certain way by persons of the same occupation in the same place, it is but reasonable to assume that the parties contracting about it, and specifying no manner of doing it different from the ordinary one, meant that the ordinary one and no other should be followed. Parties who contract on a subject-matter concerning which known usages prevail, by implication incorporate them into their agrements, if nothing is said to the contrary. The evidence in the present case did not tend to contradict the contract, but to define its meaning in an important point, and this it is settled may be done. *Robinson v. United States*, 13 Wall. 363.

The third point, is refusal to give instructions offered by counsel for defendants in error in the court below. Counsel, at the close of the testimony, submitted two instructions to the court, both of which were refused. These instructions are embraced in the abstract, and we deem it useless to recite them in this opinion. The instructions given by the court are not embraced in the transcript, or printed abstract,

and whether the court erred in refusing the instructions we cannot say, as we are unable to determine whether the entire charge of the court to the jury embraced the instructions asked. It has been determined that in construing a charge to the jury the entire charge must be considered, and where appellant does not embrace within the transcript the entire charge given, the appellate court cannot determine whether or not the jury were misled by the charge to which exception was taken. *McQuown v. Cavanaugh,* 14 Colo. 188 ; *Klink et al. v. People,* 16 Colo. 467.

This disposes of all the errors relied upon by appellants in their argument.

The judgment of the court below must be affirmed.

*Affirmed.*