MORRISON, MERRILL & CO., RESPONDENTS *v.* HARDIE L. CLARK, APPELLANT.

MECHANIC'S LIEN — SESS. LAWS 1894, CHAP. 41 — MATERIAL MAN —BUILDING ERECTED AGAINST PROTEST OF OWNER OF LAND. REQUEST OF OWNER—ESSENTIAL TO CREATION OF LIEN. RIGHTS OF MARRIED WOMEN.

*Mechanic's Lien — Sess. Laws 1894, Chap. 41 — Material Man — Building Erected Against Protest of Owner of Land.*

Where a husband, without the consent and against the protests of the wife, contracts for and proceeds to erect a dwelling house on land owned by the wife, a material man acquires no lien on the land under Chap. 41, p. 44, Sess. Laws 1894, for materials furnished.

*Request of Owner—Essential to Creation of Lien.*

Under the Mechanic's Lien Law of 1894, neither a laborer nor a

material man can acquire a lien on land, for work done or materials furnished, unless done or furnished at the instance of the owner or of some person acting by his authority or under him as agent, contractor or otherwise.

*Rights of Married Women.*

In this state women are relieved from the common law disability and are given independent power to manage, control, transfer and dispose of, hold and enjoy their separate property without restriction or limitation by reason of marriage, and to contract with reference thereto, in the same manner as if she were sole.[1]

( Decided November 11, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. Ogden Hiles, *Judge.*

Action by one Jones to foreclose a mechanic's lien. Morrison, Merrill & Co. filed a cross-complaint. From a judgment in favor of said cross-complainants defendant appealed. *Reversed.*

*Messrs. Bennett, Harkness, Howat, Bradley & Richards*, for appellant.

Where a statute is like ours, subjecting property to a lien, only where the contract has been made with the owner or with the agent of the owner, the wife's property is not subject to a lien upon a contract made with the husband. She must have made the contract herself, or authorized it to be made in her behalf. Phillips on Mech. Liens, 3d ed., Sec. 101; *Dearie* v. *Martin*, 78 Pa. St. 55; *Wendt* v. *Martin*, 89 Ill. 139; *Corning* v. *Fowler*, 24 Iowa, 584; *Miller* v. *Hollingworth*, 33 Iowa, 224; *Wadsworth* v. *Hodge*, 88 Ala. 500; *Warren* v. *Smith*, 44

---

[1] *Culmer* v. *Wilson*, 13 Utah, 130.

Texas, 247; *Washburn* v. *Burns*, 34 N. J. Law 18, 21; Boisot on Mech. Liens, Sec. 276.

*J. M. Bowman, Esq.*, for respondents.

This lien is claimed under 1372 of Revised Statutes of 1898.

Section 1383, Revised Statutes of 1898, defines contractors and sub-contractors. The respondents in this suit having furnished material to the original contractor stand in the position as defined by said last section as sub-contractors, and claim as such sub-contractors that they are entitled to a lien upon the premises of Hardie L. Clark, she being the wife of the party designated as the owner of the property in the original contract. The title to the land being in the wife and she being in possession of all the facts contained in the contract and of the furnishing of the material, and of the erection of the building constructed upon the premises, but failing to make known any objection which she now claims she had; that she thereby became estopped from denying that said material was furnished with her knowledge and consent, and that all the the work done and performed by and through her husband, she possessing the knowledge aforesaid thereby constituted him her agent for the improvement and betterment of her property.

Respondent respectfully calls the attention of the court to the 85 Pa. St. 487; 137 Pa. St. 447; 144 Pa. St. 181-2; 81 Iowa 169; 3 Neb. 498; 28 Id. 808; 30 Id. 96; 46 Ill. 18; 80 Id. 522.

### STATEMENT OF FACTS.

In this case one Charles H. Jones filed his complaint against J. W. Clark, H. L. Clark, Morrison, Merrill & Co., John W. Smith and others, alleging that on Septem-

ber 24th, 1894, defendant Smith, as contractor, contracted with J. W. Clark and Hardie L. Clark to erect a dwelling house on real estate belonging to them; that Smith erected the building according to agreement; that plaintiff therein performed services for Smith in the erection of the house, claimed $86.50 as due him, claimed a lien on the property, and asked for judgment and foreclosure of the lien.

Morrison, Merrill & Co. filed a cross-complaint against Hardie L. Clark and other defendants, alleging that on September 24, 1894, Hardie L. Clark was the owner of the land in question at the time; that Smith entered into a contract with J. W. Clark and Hardie L. Clark to erect a building on said land, at this time, and agreed to pay $3,700 therefor; that Morrison, Merrill & Co. contracted with Smith to furnish the building material to erect the building aforesaid, and furnished material therefor amounting to $439.93; that $314.93 of said sum remained unpaid. A judgment and foreclosure of the lien was demanded, and a deficiency judgment against J. W. Smith.

Defendants J. W. Clark and Hardie L. Clark denied the allegations in the complaint and cross-complaint, and denied that Hardie L. Clark ever made any written contract for the erection of the building, or promised to pay for the same; but, on the contrary, objected to its erection, and alleged that J. W. Clark was not the owner of the land. A copy of the contract between Smith and J. W. Clark, alone, for the construction of the building, was set out, to which Hardie L. Clark objected, and which she did not sign or become a party thereto.

Smith, the contractor, became unable thereafter to complete his contract, and the Utah Stove & Hardware Company completed the same.

On December 9, 1895, the case was referred to a

referee to try the issues, and report his findings of fact and conclusions of law to the court. The referee filed his findings of fact, conclusions of law and decree July 28, 1898, and judgment and decree was entered thereon by the clerk of said court, and on July 30, 1898, notice of such findings of fact and conclusions of law was served upon the attorneys in the case.

So far as material here, the findings are as follows: "5. The defendant, Hardie L. Clark, was at all the times alleged in the pleadings, and is the wife of the defendant, J. W. Clark, and the owner, solely, and in her own right, as part of her separate estate, of the real estate described in the pleadings.

"6. That the said Hardie L. Clark knew that the defendant J. W. Clark, had made said written contract, and she lived on the real estate aforesaid and knew the work of constructing the house was going on, but she never consented that she or the title to her said land should be liable on the contract, or obligated thereby, or that the contract or any of the work done or materials furnished should be or become the basis of a lien upon her said lands, but prior to the commencement of the work under the contract, and prior to the time when any materials were furnished, her husband and she had a disagreement about constructing this house; he insisted on building this house on this land, and she objected thereto and protested against the same, and wanted him to build in California, but he persisted and did build the house on her lands against her protest and over her objection, and she never consented thereto. During all the time prior to and up to the completion of the house she believed her husband was, and he was in fact, financially able to perform and comply with said contract, and pay for all said labor and materials, and he was not her agent in any of

the matters alleged, and he had no right, title or interest of any kind in said lands, and the contracts were not, nor were any of them made by her or in her behalf, and she agreed to none of the terms, conditions or agreements thereof."

That about September 24th, 1894, defendant Smith as contractor entered into a written contract with J. W. Clark, as owner, for the erection of said building, and defendant Smith as principal, and the Utah Stove and Hardware Co. and P. W. Madsen, made and delivered to said Clark their bond for the faithful performance of the contract; that the work of said building was not interfered with, prevented or stopped by the defendant J. W. Clark or by the said Hardie L. Clark, and it was not his fault or her fault that the same was not completed by the defendant Smith as provided in the original contract.

As conclusions of law the referee found that the plaintiff, Morrison, Merrill & Co., were not entitled to have any lien upon the premises nor maintain their foreclosure proceeding; that Hardie L. Clark, and the premises, are not bound by the original, or any contract, to pay for the labor or any material furnished for the erection of said building, and that the plaintiff has no recourse or right against J. W. Clark or Hardie L. Clark, personally, or either of them, and are not entitled to judgment against either of them. Costs are awarded to H. L. Clark in part.

Judgment and decree was entered on these findings by the referee, and the cross-complaint was dismissed.

Thereupon Morrison, Merrill & Co. moved the court to strike out the sixth finding of fact, in part, and the conclusions of law found by the referee, and to amend the decree and conclusions of law to conform to the recitals in the motion. The court thereafter adopted the findings of

fact, as found by the referee, above set out, and granted the motion to set aside the conclusions of law so far as they affected Morrison, Merrill & Co., and found among other things, that Morrison, Merrill & Co. was entitled to a lien on the premises for $314.93, and a right to foreclose the same, and a judgment against J. W. Smith for a like amount, with interest; that the premises were bound by the original contract for materials furnished; that the decree entered by the referee be set aside, so far as inconsistent with these conclusions, and that a decree be entered accordingly; that the referee had no authority to render his decree under the court's appointment.

Defendant Hardie L. Clark appeals from this judgment and decree.

After stating the facts, MINER, J., delivered the opinion of the court.

The question to be determined is, was Morrison, Merrill & Co., under the findings of fact, entitled to a lien upon the premises, as against H. L. Clark, and if not, did the court err in setting aside the conclusions of law as found by the referee, and in making different conclusions of law and rendering a decree in favor of Morrison, Merrill & Co., subjecting the land of Hardie L. Clark to their lien for materials furnished under the contract entered into by contractor Smith and J. W. Clark?

Ch. 41, p. 44, Sess. Laws 1894, in force when this contract was made, provides, among other things, that the contractor, etc., shall have a lien for services rendered, labor or materials furnished, whether at the instance of the owner or of any other person acting by his authority or under him, as agent, contractor, or otherwise.

Under this statute the land upon which the building is

erected, or upon which materials are furnished, is not subject to a mechanic's lien unless the work was done or materials furnished at the instance of the owner, or by some one acting by the owner's authority, or under the owner as agent, contractor, or otherwise.

In *Culmer* v. *Wilson*, 13 Utah, 130, it is held in substance that our statutes have relieved married women from common law disability, and given them independent power to deal with, manage, control, transfer, dispose of, hold and enjoy all their separate property, without limitation or restriction by reason of marriage, to make contracts, contract property, to sue and be sued, defend and be defended, and in all respects places her in the same position with reference to her contracts, separate property and liability, on the same footing with other persons and as though she was unmarried.

In this case the facts found show that J. W. Clark, defendant's husband, contracted in writing for himself alone and on his own behalf to build the house on the lot in question, which in fact belonged to his wife, and that he was not the agent of his wife. It further appears that defendant Hardie L. Clark knew that J. W. Clark had made the written contract, lived on the land, and knew the work in constructing the house was going on; that she did not prevent the erection of the building, but never consented that her land should be liable on the contract for labor or material, or otherwise; that she disagreed with her husband about constructing the house on this lot, and wanted it erected on land in California, and objected and protested against the building of the house on her land, and that he built the house against her objection and over her protest, and she never consented thereto. During all this time and up to the completion of the house she believed, and he was in

fact, financially able to pay for the labor and materials so furnished. He was not her agent in any such matter, and had no right, title or interest in the land on which the house was constructed. The contract was not made by her, or in her behalf, and she agreed to none of the terms, conditions or agreements thereof.

In States having statutes providing that the wife's property may be subject to a lien for material furnished on a contract by the husband, the decisions hold the lien good on such contracts. So, where the husband makes such contract as the agent of his wife, or she expressly ratifies his contract made, or where the wife fraudulently connives to conceal her ownership, and by acts and declarations fraudulently misleads the contractor into the belief that her husband owns the land on which he furnished material and labor, or so acts as to induce him to believe that although she owns the land she will become liable for the improvements that were being made, a lien has been declared, but the facts in this case do not present such a question.

J. W. Clark was not her agent. He had no authority whatever to bind the wife. While she knew of the contract, lived on the land, and did not prevent the erection of the building, she never consented to it, but on the contrary objected to it, protested against it, and never in any way gave her consent to it. She concealed nothing and consented to nothing that was done, but objected to everything that was done. She believed her husband to be, and he was in fact, able to pay for what he contracted. Under such circumstances no power resides in the husband, as such, to bind the land of his wife. Her estate cannot be made liable for improvements she did not authorize and to which she protested and objected. The fact that the wife occupied the premises with her husband

and knew the work was going on does not change the rule under the facts found. If the husband could be allowed to encumber the estate of his wife against her will and protest, such rights in her separate property granted to her by law would be of little value, and the husband could readily in this manner, contract her estate away, and bring her to financial ruin. Under these circumstances to allow the lien and thus permit her to be stripped of the title to her estate, and possibly deprive her of a shelter for herself and family, would be contrary to equity and subversive to that provision which the law intended should be thrown around her separate estate.

Many authorities are cited by the respondent upon this question, but an examination of them shows that in nearly every case the question decided turned either upon a statute authorizing the husband to make the contract, or upon the husband's agency, or the wife's consent or ratification of the contract, with full knowledge thereof. In this case the facts found are not broad enough to implicate the wife, so as to bring her within the rule contended for by respondent.

In *Wadsworth* v. *Hodge*, 88 Ala. 500, it is held that: "The contract must be either originally that of the wife, through herself, or her authorized agent; or else the husband, or other agent, must assume to contract for her and in her own behalf, and such contract be subsequently ratified by her, with full notice or knowledge of its nature. In the absence of a contract of this character, no lien will attach to her property. And where the credit is given solely to the husband, he alone is bound, although it may appear that the wife knew that the building or improvements were in process of erection on her land, and said nothing, or that she and other members of the family afterwards occupied the building as a dwelling. This

view is not only consonant with reason and justice, but is also everywhere supported by the authorities." Phillips on Mech. Liens, (3d ed.) Sec. 101-2; *Dearie* v. *Martin*, 78 Pa. St. 55; *Wendt* v. *Martin*, 89 Ill. 139.; *Corning* v. *Fowler*, 24 Ia 584; *Miller* v. *Hollingsworth*, 33 Ia. 224; *Warren* v. *Smith*, 44 Tex. 247; *Washburne* v. *Burns*, 34 N. J. L. 18; Boisot on Mech. Liens, Sec. 276.

There are several other questions discussed in the brief of appellant, but we refrain from considering them, as the matter discussed disposes of the case.

We conclude that the findings of fact do not warrant or justify the conclusions of law, judgment and decree found and made by the court as against appellant Hardie L. Clark, or justify any finding or decree that Morrison, Merrill & Co. had a right to any lien upon the property of Hardie L. Clark.

The judgment is reversed, and the case remanded with instructions to set aside the findings of fact and decree made by the court as against appellant, and to dismiss the cross complaint of Morrison, Merrill & Co. as against appellant Hardie L. Clark, with costs.

BARTCH, C. J. and BASKIN, J., concur.