# TEXAS SUPREME COURT REPORTS.

## AUSTIN TERM, 1890.

### J. W. WEBB v. W. M. KOGER.

#### No. 6628.

**Material Man's Lien.**—See an account for materials furnished by a lumber dealer held to be in accordance with the statute for fixing liens, etc., which account being verified and recorded gave lien. Rev. Stats., art. 3166.

APPEAL from Runnels. Tried below before Hon. J. C. Randolph. The opinion contains a statement.

*W. R. Spencer,* for appellant.

No brief for appellee.

HOBBY, JUDGE.—Appellant, who was plaintiff in the court below, brought suit in March, 1887, against Koger for material furnished the latter to erect a certain frame house on a lot described, situated in Runnels County, and sought to foreclose a lien for said material upon said house and lot. The petition alleged the residence of the defendant to be in Coleman County. The amount of the debt sued for was alleged to be $233.01. It was also averred that the material man's lien had been fixed according to law, as shown by exhibit A, made a part of the petition.

The exhibit attached to the petition and constituting what was claimed to be a bill of particulars was in the usual form of an account of dealers in lumber. It was dated at "Ballinger, Texas, June 4, 1887," and set forth that "Mr. W. M. Koger, on lot 5, block 118, first addition to Ballinger, bought of J. W. Webb, dealer in dressed lumber, shingles, doors, blinds, sash, etc." This was followed by an itemized statement of the kind, size, and value of the lumber, made out in the form generally used by such dealers. The affidavit prescribed by article 3166, Sayles' Civil Statutes, is attached to the account, and it was recorded in Runnels County January 17, 1887.

The defendant filed general and special exceptions to the petition and the bill of particulars upon the ground that the latter did not "set forth the character or amount of the material furnished, nor the time, place, kind, quantity, or value thereof, and is too indefinite, uncertain, and unintelligible to constitute a bill of particulars," and excepted to the

jurisdiction of the court upon the ground that it appeared from the petition that the defendant was a resident of Coleman County, and upon the further ground that it did not have jurisdiction of the subject matter.

The court sustained the exceptions, struck out the bill of particulars, and dismissed the cause for want of jurisdiction. This ruling is assigned as error.

The exceptions, we think, should have been overruled. The bill of particulars or itemized account of the lumber furnished we think was sufficiently intelligible. For the error in sustaining the exceptions, we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 17, 1890.