P. A. BERGSMA *vs.* JOHN J. DEWEY and Wife, impleaded, etc.

June 20, 1891.

**Mechanic's Lien—Claim of Homestead—Pleading.**—In an action to enforce a mechanic's lien, accrued prior to the amendment to the constitution in 1888, the defendant, to prove the fact that the land constituted his homestead, must plead it.

**Same — Insufficient Plea of Homestead. —** In an action in such case, the husband who contracted for the building and his wife being defendants, their answer, alleging that the land was hers, and that she possessed and occupied it, and that it was her homestead, the land being in fact his, will not admit proof that it was his homestead.

**Same—Pleading— Matter Limiting Extent of Lien. —** When, on the facts alleged in the complaint, the plaintiff is entitled to a lien extending *prima facie* to the whole lot, any matter limiting it to a part of the lot ought to be pleaded by defendants.

**Same—Evidence Insufficient to Limit Lien to One Building on Lot.** Proof that there is another building on the lot not connected with that for which the material is furnished, without showing the character of the former, or whether one building is or is not appurtenant to the other, is not sufficient to exclude any part of the lot from the operation of the lien.

Appeal by defendants Dewey and wife (impleaded with James W. Mabon) from a judgment of the district court for Ramsey county, *Otis,* J., presiding, establishing and directing the enforcement of a mechanic's lien for $370.89 against real estate adjudged to belong to the defendant John J.

*H. Barton,* for appellants.

*Walter Holcomb,* for respondent.

GILFILLAN, C. J.[1] Action to enforce a mechanic's lien for mate-

---

[1] Collins, J., took no part in this decision.

rial furnished in the spring and summer of 1887 to defendant Mabon, who was contractor for the defendant John J. Dewey in the erection of a building on the half of a city lot described in the complaint, of which half-lot it alleges said John J. to have been the owner. The answer denies that John J. was the owner, and alleges "that said Elizabeth A. Dewey (who was the wife of John J.) is the owner of said property, and that she was, at and during all the time in said complaint mentioned, and at the time of commencing this action, and still is, in possession of and occupying said property, and that the same is, and at and during all of said time was, her homestead." This was denied by the reply. There was no allegation of any other building than the one erected by Mabon being on the premises. More than two years after the issues were joined the cause was tried, and, after the close of plaintiff's evidence, the defendants, in order to make certain evidence offered by them admissible, asked leave to amend their answer, and it was denied. They offered to prove that John J. and Elizabeth lived on and occupied the premises as their homestead, and the evidence was excluded. They also offered proof that there was another building on the land, into which none of the material furnished by plaintiff went, and not connected in any manner with the one into which the material did go. This was excluded.

To deny leave to amend the answer was in the discretion of the court below, and there is nothing to suggest that the discretion was not properly exercised.

On the allegations of the complaint, plaintiff was entitled to a lien. If there were any facts, not negativing, but avoiding, the effect of the case made in the complaint, such facts ought to have been pleaded by defendants. Such would be facts showing the premises a homestead. That the premises were a homestead could not be proved without being alleged. The question, then, is, was it sufficiently pleaded? As the land did not belong to defendant Elizabeth, but to John J., was it enough to make it exempt from his debts that she was in possession and occupied it? The answer does not allege that any one but herself was in possession; that she occupied it with her husband or any of her family. For aught that is alleged, the husband

and owner of the land, with the remainder of the family, may have occupied another tract belonging to him, and constituting the family homestead. Had it been alleged that the husband and wife occupied it as the family home, it would have shown it a homestead, whether he or she owned it; and in that case it would have been an immaterial variance that it was alleged to have belonged to her when in fact it belonged to him. But it is not alleged to have been the family home; it is not even alleged to have been her home,—only that she was in possession and occupied it, for what purpose is not alleged. The allegation that it was her homestead, after the statement of the facts constituting it such homestead, stands on the footing of a general allegation of title, where the particulars of the title are stated and do not sustain the general allegation. The answer was insufficient to admit proof that the land was the homestead of John J.

The offer of proof that there was another building on the land could have had no purpose, and the proof, if admitted, could have had no effect, unless to limit the lien by excluding from its operation such building and the part of the land on which it stood. As, except for the existence of some other fact limiting the right, the plaintiff, on proof of the facts alleged in his complaint, would be entitled to a lien on the whole half-lot, with whatever was on and a part of it, we think any affirmative answer reducing the limits or extent of the lien ought to be pleaded. But, aside from the question of pleading, the offer of evidence was insufficient. It did not state the character or the use of the building, only that it was not connected with that for furnishing material on which the lien is claimed, which we assume to refer to physical connection. For aught that was stated in the offer, one building may have been appurtenant to the other, for which purpose physical connection is not necessary. In *Carpenter* v. *Leonard,* 5 Minn. 119, (155,) a building across the street was held to be appurtenant. To exclude the building referred to, and the land on which it stood, from the lien *prima facie* attaching to the whole half-lot, proof that such other building was entirely independent, not only in physical connection but in use, of the one erected, was necessary. In this respect the offer did not go far enough.

Judgment affirmed.