TEXAS STATE FAIR AND·DALLAS EXPOSITION ASSOCIATION
v. SAMUEL CARUTHERS.

No. 495.

1. **Mechanic's Lien — Filing for Record — Itemizing Account.**—Where an original contractor's lien is attempted to be fixed under a special verbal contract for a specified piece of work, or different pieces of work, at agreed prices, it is not necessary to set out each item of material or work used in carrying out such contract with the same detail necessary in fixing a lien for material or labor furnished by a subcontractor, journeyman, or laborer, of which notice is to be given to the owner and original contractor.

2. **Corporation—Identity of New and Old Corporation.**—The Texas State Fair and Dallas Exposition, a corporation, having become insolvent, a new corporation was formed, known as the Texas State Fair and Dallas Exposition Association, many stockholders of the former also taking stock in the latter. *Held*, that as the corporations were separate and distinct organizations, the fact that the new corporation became the purchaser of the Fair Grounds owned by the former, and in order to secure its own success voluntarily paid a portion of the premiums which had been offered by the old corporation, and some claims of newspapers for advertising, was not sufficient to charge it with the other debts of the prior corporation.

APPEAL from Dallas.  Tried below before Hon. R. E. BURKE.

*Simkins, Morrow & Roberts,* for appellant.—1. In order to secure his lien, it is necessary for the contractor for materialman to file an itemized account of his claim, supported by affidavit, with the county clerk; and such itemized account must contain a statement of the time and place when and where the material was furnished or labor performed, together with the items of such material or labor. And the requirements of the statute must be complied with in every particular. Phil. on Mech. Liens, secs. 350, 357, 363, 405, 441; Ferguson v. Ashbell, 53 Texas, 245; Pool v. Wedemeyer, 56 Texas, 287; Stuart v. Broome, 59 Texas, 466; 78 Texas, 1; Tinsley v. Boykin, 46 Texas, 592; Pool v. Sanford, 52 Texas, 621; 3 Willson's C. C., sec. 138.

2. It being admitted that the debt was contracted before the organization of the new association, and there being nothing in the record to show the assumption of the debt by the new association, nor that the new association succeeded the old company, nor that it has or ever has had any of the property of the old company, nor that any stock of the old company was ever transferred to the new, nor that they are the same corporation, or have any connection with each other, and it appearing that the new association was organized with new capital, and that in every instance the stockholders paid par value for their stock, the court erred in holding to the contrary.

3. The court erred in foreclosing the lien upon and ordering the sale of the stables and chicken coops, as set forth in said judgment, to satisfy the entire claim of plaintiff, when the evidence showed that a large part of plaintiff's claim accrued by reason of work and labor performed on other and different buildings of said association. Rev. Stats., art.

1335; Jackson v. Hall, 3 Texas, 305; Claiborn v. Tanner, 18 Texas, 68; Bledsoe v. Wills, 22 Texas, 650; Porcheler v. Bronson, 50 Texas, 555; McKey v. Welch, 22 Texas, 390; Dunlap v. Southerlin, 63 Texas, 38; 1 White & W. C. C., sec. 131; Railway v. Pfeuffer, 56 Texas, 66; 29 Texas, 40; 34 Texas, 15.

*R. E. Cowart,* for appellee.—1.   Plaintiff's petition on its face showed a good cause of action against appellant, Texas State Fair and Dallas Exposition Association.   Webb v. Koger, 78 Texas, 1; Pool v. Wedemeyer, 56 Texas, 287; Implement Co. v. Electric Light and Power Co., 74 Texas, 606; Whiteselle v. Loan Agency, 27 S. W. Rep., 309; Matthews v. Association, 83 Texas, 604; Cotton Exchange v. Crawley, 3 Willson's C. C., sec. 138.

2.   The contractor has four months from the completion of a contract in which to file his contract with the county clerk.   The work was done and material furnished in September and October, 1891; the lien was filed for record on the 1st day of December, 1891, within four months.   Sayles' Rev. Stats., art. 3165; Implement Co. v. Electric Light and Power Co., 74 Texas, 606; Whiteselle v. Loan Agency, 27 S. W. Rep., 309.

3.   A corporation, any more than an individual, can not escape its liability by a simple change of name.   Bank v. Investment Co., 74 Texas, 421; Canning Co. v. Frazier, 81 Texas, 407; Ins. Co. v. Transportation Co., 13 Fed. Rep., 516; Montgomery-Webb Co. v. Dienelt, 133 Pa. St., 585; same case, 19 Am. St. Rep., 663; 2 Cook on Stock and Stockholders, secs. 663a, 669, 670; Hancock v. Murray, 3 South. Rep. (La.), 381.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by appellee, Samuel Caruthers, for $2118.80, and to foreclose a mechanic's lien upon certain property upon which he claimed such lien, alleging that he made his contract with the Texas State Fair and Dallas Exposition, and that said concern was reorganized under the name of the Texas State Fair and Dallas Exposition Association.   Upon a trial before the court, a judgment was rendered in favor of appellee against both corporations for his debt, and foreclosing his contractor's lien on certain stables and chicken coops, and the land described in plaintiff's pleading, being about 117 acres of land known as the "Fair Grounds" of the Texas State Fair and Dallas Exposition Association, and decreeing the sale of such stables and coops to pay the debt.   From this judgment the Texas State Fair and Dallas Exposition Association alone has appealed.

The court below filed its conclusions of fact, which have not been excepted to or in any manner attacked by either party, except that portion which finds that appellant is the same corporation as the old one, and became liable for appellee's debt sued on, and with that exception said findings are here adopted, as follows:

"Conclusions of Fact: I find, that during the months of September and October, 1891, plaintiff, Caruthers, was employed by the president of the Texas State Fair and Dallas Exposition, a private corporation, to build and construct the platform and arrange the seats in the music hall of said corporation; that he did this work as an original contractor, under a verbal contract or agreement made with the president and vice-president of said corporation, and the same was accepted by them when finished. That while the plaintiff was engaged in this work, and just before the fair for 1891 began, nearly all the stables belonging to the corporation were destroyed by fire; that immediately after this fire, W. C. Connor, president, and C. W. Guild, vice-president, of said fair association, went to the plaintiff and contracted and engaged with him verbally to rebuild said stables. That plaintiff furnished the labor, nails, hardware, etc., necessary to rebuild the same, and did rebuild them, and that he performed all the work and furnished all the material set out in his account for rebuilding said stables, as well as the repairs in said music hall and main building and chicken coops, which had been contracted for with plaintiff by said president and vice-president of said fair association; and all the work done by plaintiff as a contractor, and labor and material furnished by him in all this work, was received and accepted by the officers of said fair association; and when plaintiff presented his account for the same to the president and directors of said State Fair and Dallas Exposition, they agreed to pay the same out of the proceeds of the fair, which began October 19, 1891. That they paid him $1000 while the fair was in progress on this account, and having failed to pay the remainder on plaintiff's claim, he, plaintiff, filed his account and affidavit as prescribed by law, to fix and secure his lien, on December 1, 1891, at 5:25 o'clock p. m.

"I find that on December 28, 1889, the Texas State Fair and Dallas Exposition executed a trust deed to E. M. Reardon, as trustee, on all the property described in plaintiff's petition, except the stables, to secure the payment of $50,000 in second mortgage bonds of the Texas State Fair and Dallas Exposition. That said trust deed was filed for record on December 11, 1891, at 10:20 o'clock a. m., being ten days after the plaintiff had filed his account fixing and securing a lien as provided by law, and plaintiff, Caruthers, had no notice, actual or constructive, of the existence of said second mortgage bonds until the deed of trust was filed for record.

"On the first Tuesday in February, 1892, the deed of trust above referred to was foreclosed by Reardon, trustee, and Royal A. Ferris become the purchaser, on March 30, 1892. The Texas State Fair and Dallas Exposition Association applied for a charter, which was issued on April 1, 1892; and that this new corporation, while not entirely, was composed practically of the same stockholders, several parties being directors in both corporations; that after the fair of 1891, the Texas State Fair and Dallas Exposition was unable to meet and pay off its obligations (pecuniary).

"That the Texas State Fair and Dallas Exposition Association voluntarily assumed and paid off a number of claims and demands due to exhibitors, and for advertising by the Texas State Fair and Dallas Exposition, and issued circulars to this effect."

We find, that there is a first mortgage executed and filed for record long before the plaintiff did the labor and furnished the material sued for, made to secure $100,000 in first mortgage bonds. This mortgage covered all the property of the Texas State Fair and Dallas Exposition, including the land set out and described in the plaintiff's petition, and improvements on the same, except the new stables erected in September and October, 1891, by the plaintiff, and the chicken coops constructed by him during said time.

We further find, that the appellant holds by purchase from Ferris.

1. Appellant's first, second, third, and fourth assignments of error attack the petition of plaintiff, upon the alleged ground that it does not sufficiently show a mechanic's lien, because it does not set out any written contract, as an original contractor, and does not show an itemized account and bill of particulars filed within the time required by law. The following statement from appellant's brief fairly sets out the allegations. Plaintiff charges in his petition: "That, to wit, during the months of September and October, 1891, at the special instance and request of defendant, the Texas State Fair and Dallas Exposition, in and under contract with said defendant, plaintiff, as contractor, performed labor and furnished material on the following property of said defendant, as set forth in the following account:

| | | |
|---|---|---|
| "Labor performed and material furnished in repairing music hall of defendant..................... | $ 561 | 00 |
| "Work done and material furnished in repairing main exposition building. | 158 | 00 |
| "Work done and material furnished in constructing chicken coops....... | 100 | 00 |
| "Work done and material furnished in constructing stables ............. | 2,276 | 50 |
| "Hardware furnished on main exposition building and stables........... | 15 | 00 |
| "Tin furnished for flashing on main exposition building................. | 7 | 50 |
| "Total.................................................. | $3,118 | 80 |
| "Credit by cash........................................ | 1,000 | 00 |
| "Balance due ......................................... | $2,118 | 80 |

"Plaintiff further represents, that said work done and material furnished was reasonably worth the amount charged therefor in the above account."

Plaintiff also averred: "That heretofore, to wit, on the first day of December, 1891, he filed his account for record in the office of the county clerk of Dallas County, and caused the same to be recorded as required by law, and fixed and secured his lien, as contractor, on the following described tracts and parcels of land, together with the improvements and buildings thereon, situated in Dallas County, Texas, and more particularly described as follows: [Then follows a description of the land.] Plaintiff avers, that he has, by reason of the premises, a contractor's lien upon the lots and parcels of land and upon the

buildings and improvements thereon, as described above, and as stated in his said account."

Where an original contractor's lien is attempted to be fixed under a special verbal contract for a specified piece of work, or different pieces of work, at agreed prices, it is not necessary to set out each item of material, or work used in carrying out such contract, with the same detail necessary in fixing a lien for material or labor furnished by a subcontractor, journeyman, or laborer, of which notice is to be given to the owner and original contractor. In the case of Pool v. Wedemeyer, 56 Texas, 298, the court says: "When an entire job is to be done under contract, the same reason and necessity do not exist for giving the various items of work or material as would exist in a case where there was no express contract, under which uncertain work is to be done for a certain sum. When an entire work is done under an express verbal contract, when both labor and material enter into the same, the reason of the requirement would not render it necessary to set out each item of material and labor furnished or done, but the same may be aggregated as one item, and it will be sufficient. Phil. on Mech. Liens, 350, 352, and citations."

Mr. Phillips, in section 352, above, says: "In like manner, although a statute requires 'an account in writing of the items of labor' to be filed, yet, where a mechanic has undertaken and completed a building as an entire job, by the job, and for the entire price, he need not in an account filed, in order to secure a mechanic's lien, make a detailed statement of his labor and materials. In such case the entire job may be set down as a single item, as it would be very difficult, if not impossible, for the mechanic to furnish a detailed statement of particulars." See also Webb v. Koger, 78 Texas, 1; Implement Co. v. Marshall, etc., 74 Texas, 606; Matthews v. Association, 83 Texas, 604.

The items of appellee's claim are alleged to have been furnished as a contractor during the months of September and October, 1891, at the special instance and request of defendant, the Texas State Fair and Dallas Exposition, "*in and under contract with said defendant.*" If these items of work, labor, and material were furnished under contract, it would be useless to go further into detail. The same items are shown in the sworn account, which was proved up for record, with the addition in each item of the words, "under contract."

2. The fifth and sixth assignments of error are as follows: "5. The court erred in its conclusion of fact, that the Texas State Fair and Dallas Exposition was the same corporation as the Texas State Fair and Dallas Exposition Association;" and that, "6. The court erred in rendering judgment against the said Texas State Fair and Dallas Exposition Association for the debt contracted by the Texas State Fair and Dallas Exposition."

These two assignments are well taken. We find no sufficient testimony in the record to justify these conclusions. The corporations were separate and distinct organizations, and one was in no way bound

for the debts of the other. The fact that the new corporation became the purchaser of the fair grounds, and, in order to secure its own success, voluntarily paid a portion of the premiums which had been offered by the old corporation, and some claims of newspapers for advertising, was not sufficient to charge it with debts with which it had no concern. That portion of the judgment below which allows a recovery for appellee's debt against the Texas State Fair and Dallas Exposition Association, and authorizing an execution against it, is erroneous.

3. The seventh and eighth assignments attack the ruling of the court in allowing a foreclosure of the mechanic's lien of appellee upon the stables and chicken coops.

Under the statute, the appellee having properly shown his mechanic's lien as a contractor, which was duly sworn to, showing the property upon which the labor and material were furnished, and a full description of the land upon which the improvements were made, was not only entitled to his lien upon the improvements, but also upon the land. Rev. Stats., art. 3164.

It was shown, that appellant had purchased the fair grounds, including all the improvements, under the foreclosure of a $50,000 second mortgage, which had been recorded, upon such property after appellee's mechanic's lien was fixed thereon, and that he had no notice of such mortgage at the time his lien was fixed. The mechanic's lien had priority over such mortgage, and appellee had the right to foreclose it upon the improvements made and upon the land on which the improvements were situated, and to sell both to satisfy said mechanic's lien debt. The fact that appellee has not objected to a judgment foreclosing his lien upon only a part of such property, is not a matter of which appellant can complain.

The judgment of the court below is so reformed as to strike out the personal judgment for the debt of appellee against appellant, and authorizing execution therefor, and in every other respect the judgment is affirmed.

*Reformed and affirmed.*

Delivered October 10, 1894.