PATRICK J. WHALEN *vs.* MICHAEL COLLINS.
JOHN HARDIGAN & others *vs.* SAME.

Middlesex.   March 25, 1895. — June 21, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*When Mechanic's Lien not enforceable.*

The statutes do not authorize the holder of a mechanic's lien, at his own option, to establish and enforce it upon a part only of the land subject to the lien.

TWO PETITIONS, under Pub. Sts. c. 191, to enforce mechanic's liens for labor furnished in the erection of a building in Waltham. Trial in the Superior Court, before *Lilley,* J., who reported the case for the determination of this court, in substance as follows.

It appeared that the building was situated wholly upon the land described in the certificates and petitions, which description was the same in each case, and was as follows : " Said lot is situated on Willow Street in said Waltham, and is bounded and described as follows, namely : beginning at the southerly point of the premises on Willow Street and thence running along Willow Street fifty-six (56) feet ; thence turning and running

along land of Michael Collins one hundred and forty-nine (149) feet; thence turning and running along land of Emerson and Thomas Morrisey fifty-seven (57) feet; thence turning and running along land of Ellen Finnerty one hundred and forty-nine (149) feet to the point of beginning." The land so described formed a part of the larger tract of land, belonging to the respondent, described as follows: "On the east on Willow Street ninety-five (95) feet; on the south on land now or late of Thomas Emerson and others one hundred and fifty (150) feet; on the west on land now or late of the said Emerson ninety-five (95) feet; and on the north on land now or late of the said Emerson one hundred and fifty (150) feet." The southerly line of the part upon which the liens were claimed coincided with the southerly bound of the tract last described; the easterly and westerly lines of the land described in the certificates and petitions coincided with the easterly and westerly lines of the land last described so far north as the part described in the certificates and petitions ran ; and the northerly line of the land described in the certificates and petitions ran completely through the tract last described from east to west.

The judge found, upon the evidence, that there was not any physical division of the entire tract in question, nor any intention on the part of the respondent to divide the same; that the north line of the tract described in the certificates and petitions would pass through the eaves of another house standing on the premises north of the line, and that the eaves projected seven inches in one place south of the line; but that the lot itself would not be disadvantageously divided by a line drawn through it from east to west within the tract described in the certificates and petitions, and without running through any building. There was no evidence as to whether the rights of third parties would be injuriously affected by such division. The respondent contended that the liens could not be maintained upon such portion of the entire tract. The petitioners requested the judge to rule that it was not necessary that liens should be claimed upon the entire tract of land upon which the buildings stood, provided that all the land under the building upon which the labor was performed and furnished was included in the description of the lot upon which the liens were claimed. The judge refused so to

rule, and ruled that the liens could not be claimed upon a part of the entire tract, and found for the respondent.

If the ruling requested should have been given, or if the ruling given was erroneous, the cases were to stand for trial; otherwise, judgment was to be entered for the respondent.

*E. I. Smith*, for the petitioners.

*G. L. Mayberry*, for the respondent.

BARKER, J. The statute gave the petitioners a lien upon the building which they had helped to erect, " and upon the interest of the owner thereof in the lot of land upon which the same is situated." Pub. Sts. c. 191, § 1. The words quoted have been held to mean the whole lot on which the building stands, although the lot is capable of division, and although there are upon it other buildings which are part of the same realty, if nothing has been done by the owner to indicate a purpose to divide the lot. *Quimby* v. *Durgin*, 148 Mass. 104, 107, and cases cited.

The present question is whether a lien so given can, at the option of the holder of the lien, be established upon a part only of the whole lot. The holder of the lien must first file in the registry of deeds a statement which must contain " a description of the property intended to be covered by the lien." Pub. St. c. 191, § 6. His next step is a suit to enforce the lien by a petition which must contain " a description of the premises subject to the lien." Pub. Sts. c. 191, § 13. Notice of this petition is to be given to the owner of the land, and to the debtor, who often is not the owner, " and to all other creditors who have a lien of the same kind upon the same estate." All these persons are interested in the result of the suit, and may become active parties to it. Pub. Sts. c. 191, §§ 16–23. If the lien is established, the court orders a sale of the property, and if part of it can be separated from the residue and sold without damage to the whole, and if the value of such part is sufficient to satisfy all debts proved in the case, the court may order a sale of such part; if such sale appears to be for the interest of all parties concerned. Pub. Sts. c. 191, §§ 24, 25. If all the claims against the property covered by the lien are ascertained at the time of ordering the sale, the court may order the officer who makes the sale to distribute the proceeds; but if all the claims are not

then ascertained, the proceeds may be brought into court and distributed. But although all creditors who have a lien of the same kind upon the same estate are to have notice of the suit, and may appear and have their respective liens established and enforced in it, they do not lose their liens by omitting so to do, and each may bring his separate suit to enforce his own lien. *Sexton* v. *Weaver*, 141 Mass. 273.

From this outline of the statute it appears that, while other persons than the owner of the land and the petitioner who asks for its sale may be interested in the result of the sale, and while the law recognizes that the sale of a part only of the land may be all that is necessary, the decision of the question whether the lien shall be enforced by a sale of the whole land or of a part is given to the court, which may order a partial sale only when such a sale appears to be for the interest of all concerned. To allow a petitioner to claim and enforce his lien by a petition under which the court can order the sale of but a part of the land covered by the lien, is to enable the petitioner to take from the court important powers explicitly conferred, and the exercise of which may be essential not only to the rights of the landowner, but of other creditors having similar liens on the same estate. Under such a petition the court cannot order a sale of the whole property covered by the lien, for the petition does not embrace it all ; nor can it divide the property and sell separately such a part of the whole as it may deem best, for an arbitrary division has already been made by the petitioner. By such a course a division of the owner's property not contemplated by the statute is forced upon him, at the option of the holder of the lien, and a forced division not authorized by law is a wrongful interference with the rights of a landowner, although the two parcels may be worth as much as the whole. Such a course is also prejudicial to the rights of others having similar liens upon the same estate. If they appear in the suit and establish their liens under the petition, they are restricted to a fund which is less than that to which the statute has given them a right; and if they do not appear, but bring subsequent petitions of their own, the sale of the whole land which is subject to their liens will be interfered with by the sale of a part of it under the former petition.

While there may be instances in which no pecuniary harm

would result to any one from allowing a petitioner to enforce a lien upon a part only of the land, the legal damage of an enforced division at the option of one to whom the law has given no such option must, in every such case, be done to the owner. Besides this, such statutes should be so construed as to give the fullest relief and protection to all when the remedy given is pursued in the plain and obvious way pointed out by the statute, and one who attempts to pursue the remedy in some other manner cannot justly complain if he fails. We think, therefore, that the ruling requested by the petitioners, " that it was not necessary that liens should be claimed upon the entire tract of land upon which the buildings stood, provided that all the land under the building upon which the labor was performed and furnished was included in the description of the lot upon which the liens were claimed," was rightly refused, and that the ruling " that the liens could not be claimed upon a part of the entire tract " was right.

*Judgments for the respondent.*