CASE 50—PETITION ORDINARY—MAY 22.

# City of Hawesville v. Board of Education of Hawesville.

APPEAL FROM HANCOCK CIRCUIT COURT.

1. REPEAL OF A LOCAL ACT BY A GENERAL ACT.—The provisions of a local act incorporating a town and the amendments thereto, which were passed under the former Constitution of Kentucky, which did not prohibit local legislation, giving to a school board a certain per cent. of revenue derived from taxation of the liquor traffic, stand repealed by the charter for cities of the class to which that town belongs, wherein it is provided that all money so derived shall go into the general fund.

City of Hawesville v. Board of Education of Hawesville.

R. Y. BUSH AND T. M. WHITE FOR APPELLANT.

1. The provisions in the charter for cities of the fifth class, to which class Hawesville belongs, which charter was passed pursuant to the mandate of the new Constitution, authorizing such cities to collect license fees for the sale of spirituous, vinous, and malt liquors, and providing that same shall be paid into the general fund of the city, certainly operated as a repeal of the provisions of the old charter by which 80 per cent. of such license fees went to the school fund.

2. It was obviously the intention of the framers of the new Constitution to provide for the incorporation and organization of all cities and towns in the State by general law, classifying them, and that the legislature should pass general laws for their government; and they must have intended that upon the passage of such general laws, the former laws governing them should stand repealed. (Holtzhauer v. City of Newport, 15 Rep., 188; Byrne v. City of Covington, 15 Rep., 33.)

D. L. ADAIR FOR APPELLEES.

1. There is nothing in the new Constitution nor in the charter for cities of the fifth class, which even by implication, repeals the school law in the old charter of Hawesville. On the contrary, it is expressly provided in the charter for cities of the fifth class that all moneys received shall be for the benefit of the fund to which they respectively belong.

2. The appellee has acquired vested rights under the charter which can not be taken from it without impairing the obligation of contracts. Even in the charter of a city or public corporation vested rights may be created and corporate rights acquired which the legislature can not afterwards divest or control. (Const. of the United States, sec. 10; Const. of Ky., sec. 19; City of Louisville v. University of Louisville, 15 B. M., 642; Dartmouth College v. Woodward, 4 Wheat., 518; Cooley's Const., Lim., 334; Mills v. Williams, 11 Ired., 558; Kent's Com., vol. 2, 305 and notes; Kent's Com., vol. 1, 414 and 419.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted by the city of Hawesville from a judgment rendered in the action of the board of education of Hawesville against the appellant.

It appears that in 187— and 1882 and 1888 sundry acts of the Legislature were passed regarding the city of Hawesville, as well as organizing or incorporating the board of education, and at one time it seems that the law set apart all license fees paid by vendors of ardent spirits in Hawesville for the benefit of the board of education. In 1882 an act was passed extending the limits of the said town, etc.; and in 1888 an act was passed giving the trustees power to license coffee houses, etc., for the sale of ardent spirits, etc., and provided that eighty per cent. of such license should be paid to and be for the benefit of the board of education, and the residue be applied to the payment of marshals' salary and police expenses. All parties proceeded to act under and according to the provisions of the act of 1888, until some months after July 3, 1893, at which time appellant refused to pay to appellee any part of the license fees received after the act of 1893. Therefore, appellee instituted suit to recover the same.

The case was submitted upon an agreed statement of facts, and the court rendered judgment in favor of appellee for $638, and from that judgment this appeal is prosecuted, that sum being eighty per cent. of the license fees collected. Appellee obtained a cross-appeal, and insists that the entire license fees should be paid to it, assuming and contending that the act of 1888 setting apart the twenty per cent. for city purposes, being a change of the former law, was and is void.

The contention of appellee is that by the charter of appellee and acts of the Legislature it acquired a vested right to all such license fees, and relies on the Dartmouth College and many other decisions to support its contention. It also contends that the act of 1893 for the government of towns

of the fifth class, to which class appellant belongs, is not in-consistent with the local laws quoted and relied on by it.

It seems clear to us that the act of July 3, 1893, repealed all laws inconsistent with it, and the several local acts re-lied on by appellees, being inconsistent with the general law of 1893, were repealed thereby.    Subsection 4 of sec-tion 3637, Kentucky Statutes, authorizes the city council to license vendors of spirituous liquor, and requires not less than $250 nor more than $1,000 license fee to be paid.

Section 3646 *supra* provides that all moneys received from licenses shall be paid into the general fund.

It seems clear to us that, under the law in force from and after July 3, 1893, all license fees imposed and collected under the authority of the city council properly belong to the general fund of the city of Hawesville, and the license collected and required to be paid to the State authorities should be paid to the proper officer authorized to receive the same.

For the reasons indicated the judgment on the cross ap-peal is affirmed, and the judgment on the original appeal is reversed and cause remanded, with  directions  to  render judgment in favor of appellant on its counterclaim and for proceedings consistent with this opinion.