ANDREW L. POLLOCK & others *vs.* JAMES G. MORRISON.

Middlesex.    January 16, 1900. — May 16, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Lien on Buildings and Land — Inaccuracy of Description in Statement and Petition — Amendment of Petition — Evidence of Intention.*

The grantee of two adjoining lots of land, who, after the purchase of the second lot, builds a permanent fence westerly of the division line between them, extends a portion of a building on the first lot upon the second lot east of the fence, concretes the space between that building and the fence, and subsequently erects a building on the second lot west of the fence, may testify at the trial of a petition to enforce a lien against the second lot which describes the lot as it was described in the deed to him, that it was his intention by the erection of the fence to establish a new permanent division line between the lots.

A petition to enforce a lien on buildings and land should be dismissed if the land is described therein in the language of the deed conveying it to the respondent and not according to different and 'permanent bounds established by the respondent after the conveyance; but the Superior Court may allow the petition to be so amended as to describe the land correctly and the lien to be thereupon established.

If an inaccuracy in the description of land in a petition to enforce a lien against buildings and land is amended, a similar inaccuracy in the statement filed in the registry of deeds, which cannot be amended, will be considered as within the provisions of Pub. Sts. c. 191, § 8, and not fatal.

FIVE PETITIONS, to enforce liens upon buildings and land in Somerville under Pub. Sts. c. 191.    The petitions, which followed the language of the description in the deed by which the land

was conveyed to the respondent in 1896, described it as lot No. 7 on a certain plan bounded " northeasterly on Pearl Street forty (40) feet, southeasterly on lot No. 6 on said plan 70 feet, southwesterly on lots 3 and 9 on said plan 40 feet, northwesterly on lot No. 8 on said plan 70 feet, containing 2,800 square feet."

Trial in the Superior Court without a jury, before *Hopkins,* J., who found for the petitioners; and the respondent alleged exceptions. The location of the land and buildings is shown upon the accompanying plan, and the material facts appear in the opinion.

*E. R. Thayer,* for the respondent.

*A. J. Daly,* for the petitioners.

HAMMOND, J. It appeared at the trial that, in 1894, the respondent bought a lot of land on the southwesterly corner of Pearl and Walnut Streets, in Somerville, and thereafter proceeded to build thereon a block of buildings; that in the construction of the block he found the lot too small for it as planned; that during its construction he purchased a lot adjoining on the west, being the land described in this petition; and that immediately after the purchase of this second lot he put up a fence some feet westerly of the old division line between the two lots, said fence running from the southerly line of the second lot in a direction nearly parallel with the old division line, to a point distant about fifteen feet southerly from the southerly line of Pearl Street, and then turning at right angles and running easterly about six feet, crossing the said division line to the rear of the block, all as shown on the plan annexed to the bill of exceptions. It further appeared that he concreted the entire space between the block and the fence, and that portions of the block extended upon a part of the second lot easterly of the fence.

The building upon which the petitioners worked was wholly upon that part of the second lot which was west of the fence, and there was evidence tending to show that it was not begun until December, 1897, or later, long after the fence was built. The respondent contended, and offered to show, that his intention was " to make a permanent division by said fence, and to divide the entire tract owned by the respondent into two lots divided by said fence." As bearing upon this, he was asked in direct examination what his intention was with refer-

ence to the division of land in putting up the fence and doing the concreting.   The court excluded the question.

Inasmuch as the lien could be maintained upon no other lot of land than that upon which the building was situated, *Landers* v. *Dexter*, 106 Mass. 531, and must be maintained, if at all, upon the whole of such lot and not a part thereof, *Whalen* v. *Collins*, 164 Mass. 146, the boundaries of the lot were of course material.

In this case it was not claimed by the petitioners that the entire tract of land upon which the two buildings stood was one lot. If that was so, then the petition must have been dismissed. *Whalen* v. *Collins, ubi supra.* It was a part of their case that there was some division of the land, and the question at the trial was, whether that division was fixed by the deeds by which the property was conveyed to the respondent, or by the subsequent acts of the respondent. It was the right of the owner to divide the land as he saw fit. Upon the corner lot he had built a block of buildings, some portions of which extended over upon the second lot. He had built a fence permanent in form, and had concreted the land between the block and the fence. It is true that the fence did not extend to the line of Pearl Street, but it came near enough to it to separate substantially the lots. The changes were plainly to be seen, and obviously contemplated a separate use of the two lots as divided by the fence; and we think that in order to meet any claim that the fence was erected for another or merely temporary purpose, the respondent had the right to show that it was intended as a permanent and complete separation of the lots. Evidence of his intention being material, he was a competent witness in that behalf. *Snow* v. *Paine*, 114 Mass. 520. *Stevens* v. *Stevens*, 150 Mass. 557.

We think, therefore, that the evidence should have been admitted. But it does not necessarily follow that there should be a new trial. On all other questions the court below found in favor of the petitioners. The Superior Court has the power, if it sees fit, upon proper terms, to allow the petitions to be amended so that the easterly boundary of the land described therein may be the line of the fence, so far as it goes upon the lot. Should such an amendment be allowed, then the finding of the court establishing the liens can stand as to the building and land described in the amended petitions.

While it is true that the statements filed in the registry of deeds cannot be amended, still we think the inaccuracy therein as to description comes within the provision of Pub. Sts. c. 191, § 8, and that such inaccuracy is not fatal.

The petitioners should have an opportunity to apply to the Superior Court for leave to amend their petitions in the manner above stated. Whether such an amendment should be allowed,

and on what terms, it is for that court to decide. Should such an amendment be allowed, then the exceptions are overruled; otherwise, they are sustained.                              *So ordered.*