STONE POST COMPANY, RESPONDENT, v. THOMAS COR-
CORAN, APPELLANT.

Submitted July 8, 1910—Decided November 7, 1910.

Where a building contract provides for payment by installments, and a stop notice is served under the third section of the Mechanics' Lien act, and installments sufficient to pay the amount have been earned and are due under the contract, the claimant under the stop notice is entitled to recover the amount of the owner, although the contractor may subsequently default, and the owner in completing the building under a provision to that effect in the contract may be put to such expense that the balance of the contract price, after deducting the cost of completion and payments already made, is less than the amount claimed by the stop notice.

On appeal from the First District Court of Newark.

Before Justices GARRISON, SWAYZE and VOORHEES.

For the respondent, *Newton P. Kinsey.*

For the appellant, *Raymond, Mountain & Van Blarcom.*

The opinion of the court was delivered by

SWAYZE, J. This action was brought under the third section of the Mechanics' Lien act, to recover money due to the plaintiff from William Mosher. The contract price for the building was $2,500, payable in installments, as follows: $500 when the frame was up; $700 when the sides and roof were on; $500 when the floors were laid, partitions set and rough plumbing in; $400 when the outside work was finished and one coat of paint on, the leaders up and the plumbing fixtures on the premises; and the final payment of $400 when the building was completed and accepted by the owner. The contract contained the usual clause, permitting the owner to provide material and workmen to finish the work and deduct the expense from the amount of the contract in case of default by the contractor. No question is raised as to the validity of the notice by the plaintiff. The contest is over the amount due from Corcoran to Mosher, applicable to the plaintiff's claim. The state of the case shows that the first payment of $500 was made; that $500 was paid on account of the second payment, leaving $200 thereof unpaid; that shortly after service of the notice Corcoran admitted service of the notice and that there was due Mosher $700; that at that time Mosher had completed sufficient work on the building to entitle him to the $200 due on the second payment and the full amount of the third payment. Some time after this Mosher ceased work on the building, and Corcoran completed it at an expense of $1,457. Deducting from the contract price this amount and the $1,000 already paid, the balance left would be only $43. The plaintiff's claim was $475, and for that amount and interest the District Court gave judgment.

Shortly stated, the question to be decided is whether the cost of completing the building is a first lien upon the unpaid balance of the contract price, or whether it is subject to the amount which the plaintiff sought to impound by his stop no-

tice. The precise question does not seem to have been heretofore presented. We think the solution, however, is not difficult, in view of the principles laid down in *Reeve* v. *Elmendorf,* 9 *Vroom* 125, and followed by all the courts since that time. Chief Justice Beasley there said: "Upon notice given, the workman or materialman, to the extent of his demand, takes the place of the contractor, so that, if the owner, as against the latter, can withhold the payment of the moneys earned, he can do so, in like manner, against the demands of the former. The test is, whether a suit for the money in question will lie by the contractor against the owner. If it will not, the owner is not liable to a suit by the workman or materialman. The result, therefore, is, that if, by the terms of the contract in this case, the owner had the right to retain the moneys earned until the completion of the building, and then to make deduction from such sum on account of the delay in the doing of the work, such right will be of equal avail, whether suit is at common law by the contractor, or under the statute by the workman or materialman." And he added: "The criterion is whether the contractor, under the circumstances stated, could sue for the moneys demanded, and that question would obviously depend on the force of the contract between the owner and contractor." This language makes it clear that the right of the owner to deduct his claim in preference to the right of the materialman under the stop notice, depends upon whether or not the owner had the right to retain the moneys earned until the completion of the building. In this case he clearly had no such right. The payments were made in installments as the work progressed, and for each installment the contractor had a right of action as soon as it was due, and was not obliged to wait for the completion of the building. *Jones* v. *Whittier,* 48 *Id.* 715. Since the materialman, by the service of the notice, stood in the same position as the contractor, he also had the right to sue. The case differs from *St. Peters Catholic Church* v. *Vannote,* 21 *Dick. Ch. Rep.* 78, where the owner was entitled to retain twenty per cent. of each estimate until the final payment. In substance, what the defendant claims in this case is a right to retain moneys already due until a date

later than that fixed in his contract for the payment, for the purpose of meeting a contingency which has not arisen and may not arise. If such a construction were adopted, it would be open to the owner in any case to postpone the time for payment of the installments due under the contract, and thus, at his own option, to make an entirely different agreement, for he could, in any case, set up the possibility of a subsequent default on the part of the contractor. We think such a contention has never been suggested before, and the language of the court in the cases, while not decisive, is inconsistent with this construction.

There is no substance in the contention that the money was not due for the reason that Mosher had never produced an architect's certificate as required by the contract. The contract was unusual, in that it named A. N. Simpson as architect, but provided for certificates under the hand of Corcoran, the owner; and while the subsequent provision of the contract is that a certificate shall be produced, signed by the architect, it is quite evident that this inconsistency arises from the failure to change a printed blank to accord with the provision requiring a certificate under the hand of Corcoran. Corcoran was himself the owner, and his subsequent admission to the plaintiff that the amount of $700 was due to Mosher, was a waiver on his part of the necessity of producing any written certificate under his own hand, if a waiver had been necessary.

The trial court allowed the plaintiff interest, and it is said that Corcoran is not chargeable with interest. This contention overlooks the real situation. The plaintiff is seeking to recover a debt due from Mosher. On that debt he is entitled to interest. In theory of law Corcoran does not pay the debt out of his own money, but he pays it out of money due to Mosher, and is entitled to credit for it in his settlement with Mosher. There seems to be no reason why the plaintiff should not have interest out of the fund which is more than sufficient to pay the whole amount for which the District Court rendered judgment.

The judgment is therefore affirmed, with costs, and the plaintiff may enter judgment in this court for the amount.