CHARLES STENBERG, PLAINTIFF, v. FRANCES P. POOLE, DEFENDANT.

Decided December 23, 1930.

Before Justice PARKER, at chambers.

For the plaintiff, *Nicholas S. Schloeder.*

For the defendant, *George F. Losche.*

PARKER, J. The writ issued on an order by a Supreme Court commissioner adjudging, among other things, that the defendant has assigned, removed and disposed of some of her property with intent to defraud her creditors, and is about to assign, &c., with similar intent. The affidavit also set up an existing debt in language hereafter to be considered.

It is not clear whether the plaintiff relied on clause 1 of section 84 of the Practice act of 1903 (*Comp. Stat., p.* 4076), contemplating an affidavit establishing facts on which the plaintiff would be entitled to an order to hold the defendant to bail under the Practice act (*i. e.,* section 56), or on clause 3 of section 1 of the Attachment act of 1901 (*Comp. Stat., p.* 133), where the language is "proof by affidavit of fraud which would warrant an order for a *capias ad respondendum.*" For present purposes it is immaterial, as in both cases the affidavit must comply with the requirements of section 57 of the Practice act which are: proof by affidavit or otherwise to the satisfaction of the (court, judge or commissioner) "that there is a debt or demand founded upon contract, express or

implied, due to the plaintiff from the defendant, specifying the nature and particulars of said debt or demand, and establishing one or more of the following particulars" (here follows a statutory definition of the several kinds of fraud recognized as a basis of the writ, including disposal of property, &c.)

For the defendant it is claimed that the affidavit is insufficient to support an order to hold to bail, and hence will not support a writ of attachment under either statute referred to.

I have no difficulty with the allegations of fraud, which state facts and circumstances amply sufficient, in my estimation, to justify that phase of the order. The trouble is with the averments relating to the debt. It will be remembered that the affidavit must *specify* "the nature and particulars of the debt or demand." The affidavit before me states the "nature and particulars" of the cause of action thus:

"Between September, 1929, and July, 1930, I lent to Frances P. Poole, and paid for her use, sums aggregating about $7,341, which she promised to repay on demand.

"At various times during the months of July, August and September, 1930, I duly demanded payment of the same from Frances P. Poole, but no part of said claim has been paid except the sum of $1,565."

This, under our decisions, is not a proper specification of the particulars of the claim.

In *Peltier* v. *Banking Co.*, 14 *N. J. L.* 257, 258, part of the claim was "in the sum of $657.52 on a balance of account against him, according to the best of deponent's knowledge and belief." On page 262 the court, recognizing that the existing statute permitted an allegation on information and belief (Revision 1821, page 404), held the affidavit defective as "not stating what the account is for;" citing English cases. In *Seidel* v. *Peschkaw*, 27 *Id.* 427, the affidavit set up, first, conversions of the proceeds of thirty-one bills of exchange, with name of defendant as drawer, payee and accepter of each, amount of each, and due date of each. The exact dates of the bills were not stated, and the court held this unnecessary. Secondly, the affidavit alleged the intrusting to defendant of

goods consisting of woolen fabric and yarns, also dyestuffs and other ingredients to the amount of thirty-two thousand florins. This the court held bad, saying it might be a specification of the nature of the demand but not of its *particulars*. This decision is in point, and has never been challenged in any reported case that I can find. I have always understood that an affidavit to hold to bail for a debt should be substantially as specific in stating the particulars of the debt as if they had been formally demanded in the progress of the cause. Whether or not this be legally essential, the case of Seidel *v.* Peschkaw is controlling to the effect that the present affidavit in this aspect in insufficient. It is probably further insufficient as claiming an aggregate of loans of "about" $7,341 and not stating a definite total. *Vankirk* ads. *Staats,* 24 *Id.* 121. But it is probably enough to say that Seidel *v.* Peschkaw is controlling.

The order for attachment must be set aside, and the writ quashed.