## BRYANT–LINK CO. v. W. H. NORRIS LUMBER CO.

### No. 4013.

Court of Civil Appeals of Texas. Amarillo.
May 17, 1933.

Rehearing Denied June 14, 1933.

W. D. Wilson, of Lubbock, for appellant.

Bean & Klett, of Lubbock, for appellee.

MARTIN, Justice.

Howard Reed, a single man, was the owner of a four-acre tract of land in Kalgary, a small village remote from the railroad, containing two stores, a gin, school house, and some four or five residences.

During 1928 he purchased building material from appellee to erect a storehouse, residence, and some other structures of a minor character on this four-acre tract. He failed to pay for all this material and executed a note for a balance of $770.65, dated December 9, 1930.

On May 11, 1930, Reed conveyed in trust to appellant the said four-acre tract of land to secure a large amount owing it for merchandise. The lien therein given was subsequently foreclosed and the property purchased by appellant. Subsequent to this, appellee brought suit upon its note given by Reed and to foreclose its constitutional materialman's lien against the said four-acre tract, joining the appellant herein as defendant. It alleged that the amount was the balance due on the purchase price of lumber and building material sold and delivered to said Reed and used by him in the erection of a residence and store building on the four-acre tract in question and to its petition attached an itemized statement showing all the items of material sold said Reed with the price of same and the date of sale. It alleged that appellant acquired its lien with notice of appellee's rights in the property and asked for a foreclosure of its constitutional materialman's lien.

The answer of appellant was by general and special exceptions, a general denial, and specially that it acquired its lien without notice of any claim of appellee. It denied specially the existence of any lien against the property in controversy and particularly denied the existence of any against the entire tract.

Judgment was for appellee foreclosing upon the entire four-acre tract.

The legal issues made in the trial court will more fully appear in the discussion and disposition of the law questions presented.

■ Appellee's petition was, we think, sufficiently specific. It pointedly alleged that the building material went into a residence

and storehouse on the four-acre tract of land and attached a description of such material as an exhibit to the petition. Texas State Fair & Dallas Exposition Ass'n v. Caruthers, 8 Tex. Civ. App. 474, 29 S. W. 48; Webb v. Koger, 78 Tex. 1, 14 S. W. 238.

Appellant contends that the answer of the jury to special issue No. 2 to the effect that the value of the materials used in the construction of the residence was $596.60 is not supported by the evidence.

The owner Reed testified that the note sued on covered all the materials he had not paid for that went into his residence. Excluding all questionable items, the amount is still no larger than the finding. We overrule this proposition.

The main question on this appeal is whether or not the materialman's lien claimed by appellee extended to the entire four-acre tract described in its petition or to an area less than this.

It is perhaps accurate to say that the real question is what constituted the curtilage of the dwelling house in question on the date the materialman's lien was alleged to have attached. The lien given by the terms of article 16, § 37, of the Constitution is only "upon the buildings" for which materials are furnished. Construing this provision it is held, however, that such lien attaches to so much of the land upon which the building stands as is necessary to its enjoyment. Strang v. Pray, 89 Tex. 525, 35 S. W. 1054.

One of appellant's contentions here is that the burden was upon appellee to show that the entire four-acre tract of land was necessary to the use and enjoyment of the residence in question, and, having failed to do this, the judgment of the court foreclosing its lien was erroneous.

Manifestly, the rule laid down above by the Supreme Court makes each case turn largely upon its particular facts. In reaching a conclusion we have drawn upon the decisions of other states which had to do with questions not essentially different from the present one. We make note of the fact that in this and other jurisdictions the courts attach importance to the fact that the owner himself regarded or used the land as one entire tract. We quote from some of these:

"Nothing has ever been done on the land, or on paper, or even by spoken words, to indicate a purpose on the part of the owner to divide the large lot into small ones. * * * That indicates an intention to keep the whole land as a single lot. * * * Undoubtedly the lot is capable of division, but where the owner will choose to run his lines of division, if he ever divides it, is only a matter of conjecture. The petitioner's right to a lien upon every part of the lot is not affected by the fact that there are buildings not included in his contract, which are a part of the real estate."

Quimby v. Durgin, 148 Mass. 104, 19 N. E. 14, 1 L. R. A. 514.

"Whether the entire lot [2–1/2 acres] is the curtilage * * * is a question for this court to determine. The whole tract was treated by the owner as one parcel until the Junction Milling Company demanded a mortgage on the side pieces. * * * The whole adds to the convenient and beneficial use of the apartment house. * * * The entire tract is the curtilage subject to the liens describing it." Riverside Apartment Corp. v. Capitol Const. Co., 107 N. J. Eq. 405, 152 A. 763, 771.

Judge Stayton, speaking for the Supreme Court of Texas, uses the following language: "If the former, owning contiguous lots, desires to affect them severally with a lien only for the material furnished for buildings or other improvements on each, he should so make his contract as to enable the materialman to know how much of the debt each lot is responsible for. So long as he treats such lots as one property * * * so long may the material-man treat the lots as one piece of property in fixing his lien upon it." Lyon v. Logan, 68 Tex. 521, 5 S. W. 72, 74, 2 Am. St. Rep. 511.

The evidence we think meagerly but sufficiently shows that the owner of this property used and regarded it as one continuous tract. He conveyed it to appellant as such. The presence on the land of a store building in a rural community does not, it seems to us, evidence any intention to segregate the particular portion on which it stands from the remainder. Rather the inference to be drawn from the meager facts shown here is that the entire tract was used by its owner both as a home and place of business. Considering the rural character of this property, this was not an unusual use, nor would we seem to be justified in holding that an unplatted area of this size was excessive under the particular facts of this case. It is perhaps well to note here that article 5458, R. S., sets a limit of fifty acres in the country as the size of a tract upon which a statutory materialman's lien may attach.

A store building and perhaps some other structures were built on this tract of land prior to the residence in controversy. The material in these seems to have been furnished largely by appellee and was paid for by Reed. No liens against these are shown to exist. They are a part of the realty. The presence of these structures does not under the facts here, as contended by appellant, affect appellee's right to a materialman's lien, particularly so where, as in this case, it is apparent the owner regarded it and used it as one entire tract for one purpose. Bergsma v. Dewey, 46 Minn. 357, 49 N. W. 57; Whalen v. Collins, 164 Mass. 146, 41 N. E. 124; Quimby v. Durgin, 148 Mass. 104, 19 N. E. 14, 1 L. R. A. 514.

162

Our conclusion is that the materialman's lien attached to the entire four-acre tract.

■ The value of the material used in the construction of the residence in question was found by the jury to be $596.60. The last item of same appears to have been purchased October 27, 1928. Appellee's note, signed by Reed, provided for 10 per cent. interest. Judgment of foreclosure against appellant was entered for $705 with 10 per cent. per annum thereon from the date of entry, which was October 3, 1932. The amount was less than the original principal and 6 per cent. thereon for the entire time it ran. We therefore overrule appellant's assignment complaining that such amount was excessive, but sustain its contention that the court erred in allowing 10 per cent. interest on the amount of the judgment from its date. As between the parties here the amount of the debt, as well as the amount of the property, was fixed by the Constitution as of the date the lien attached. Neither could be varied by a contract subsequently entered into between the owner and the lienholder so as to cast any additional burden upon a third party whose rights antedated such contract. A subsequent purchaser of this property took it charged with a constitutional lien fixed to secure an exact amount. This was an open account when appellant's lien attached. By a subsequent contract the interest rate was raised from 6 per cent. to 10 per cent. The amount of the principal is fixed at the value of the materials furnished upon which 6 per cent. interest is allowed by law. Mathews et ux. v. Texas Building & Loan Association (Tex. Civ. App.) 48 S. W. 744. In our opinion neither the amount of the principal nor interest could thereafter be increased to the injury of third parties, holding a prior interest in such property. 40 C. J. page 264.

The judgment will be reformed so as to bear 6 per cent. interest from its date, and, as so reformed, will be affirmed.

Reformed and affirmed.

### On Motion for Rehearing.

■ Both parties to this appeal have filed motions for rehearing.

We are satisfied with the disposition made of this case originally, but desire here to make a further statement respecting one phase of same in view of appellee's motion contending that our opinion requiring a reduction of interest from 10 per cent. to 6 per cent. is in conflict with the case of Breckenridge City Club v. Hardin (Tex. Civ. App.) 253 S. W. 873. No rights of third parties were involved in this last-mentioned case, and the point we decided was not before the court. We quote from the case of Kern v. Guiry Bros. Wall Paper Co., 60 Colo. 286, 153 P. 87, 88: "We also add the further proviso that in-terest should not be allowed where the rights of third parties would be injuriously affected. Hurd v. Tomkins, 17 Colo. 394, 30 P. 247; Stone Post Co. v. Corcoran, 80 N. J. Law, 549, 77 A. 1031."

This particular error was properly called to the attention of the trial court and we taxed the cost of the appeal against appellee upon the authority of Counts v. Dobbs (Tex. Civ. App.) 235 S. W. 716, 719.

Both motions overruled.