ANDREW L. POLLOCK & others *vs.* JAMES G. MORRISON.

Middlesex. November 23, 1900. — January 3, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

In a suit to establish a mechanic's lien, it appeared that the respondent successively bought two adjoining lots and built on one of them. He then proceeded to erect a building on the second lot, on which the petitioner's work was performed, and built a fence to separate the two buildings and the land respectively surrounding them. This fence was not on the boundary line as described in the deeds, but nearer the new building on the second lot. The respondent also concreted the space between the fence and his first building. The fence was partly permanent and partly temporary. The temporary part was removed during the construction of the new building on which the petitioner's work was performed, but was afterward rebuilt in a permanent manner. *Held,* that at the time the work was performed enough had been done to indicate the division line established by the owner of the land, and that a description of the premises in the petition making the reconstructed fence the boundary was accurate.

PETITION, to enforce a mechanic's lien for carpenter's work done on a building of the defendant under contracts between the petitioners and one Ribero, filed June 30, 1898. This case was before the court at a former stage, the decision being reported in 176 Mass. 83. This court then ordered that the petitioners should have an opportunity to apply to the Superior Court for leave to amend their petitions in order to correct an inaccuracy in the description of the premises on which the liens were claimed, the petitioners having described the premises by the bounds stated in the deed to the owner instead of by the actual boundary then existing, the court stating that whether such an amendment should be allowed and on what terms was for the Superior Court to decide. On such a motion to amend the petitions, the Superior Court directed, that the petitioners might apply for such an amendment at a new trial in that court. The new trial was before *Gaskill,* J., without a jury. The case was briefly as follows :

The respondent successively bought two adjoining lots and erected a building on each, the building last constructed being the one on which the petitioners' labor was performed. A copy of the plan used in the Superior Court at both trials is printed in 176 Mass. 85. The respondent built a fence, indicated on the

plan by a broken line, which was intended to divide the land respectively surrounding his two buildings in a convenient manner, but was not upon the boundary line described in the deeds, being nearer to the building in process of construction. This fence was in part permanent and in part temporary. The respondent also concreted the space between the fence and his building on the other lot already finished. The temporary portion of the fence was removed while the building on which the petitioners' work was performed was in process of construction, and was afterwards rebuilt in a permanent manner. At the request of the respondent the judge ruled, that the petitioners' lien could only be maintained upon the whole lot owned by the respondent upon which the building stood and not upon any part thereof, and that the respondent as owner had the right to divide the premises and change the divisions or remove them leaving the premises undivided as he pleased, and that the right of each petitioner to maintain his lien must depend upon the condition of affairs at the time when his contract to work upon the premises was entered into, and, in the absence of any evidence as to the date of such contract, must depend upon the condition of affairs at the time when he began to work. The judge allowed the petitioners to " amend their description of the premises by making the boundary as the fence now stands," and refused to rule at the request of the respondent that upon all the evidence the petition could not be maintained. The respondent excepted. The judge made a finding of facts, which is quoted in full in the opinion of the court, and entered an order establishing liens for each of the petitioners on the lot described in their petition as amended. The respondent alleged exceptions.

*E. R. Thayer*, for the respondent.

*A. J. Daly*, for the petitioners.

HAMMOND, J. At the trial before the court without a jury, the court found as facts that "before the petitioner began the labor for which the lien is claimed the respondent erected a fence between the lots from the Pearl Street end to the point opposite the southwesterly side of the southerly bulkhead of the building on the first lot purchased, intended to be a permanent division of the lots. That from such point to the southerly boundary of lot number 2 a fence had been erected not perma-

nent in its character which was taken down and removed before the labor was performed as it would interfere with building operations if allowed to remain, the defendant having the intention at that time to construct a permanent fence from the end of the fence left standing to the southerly line of lot number 2 substantially as later erected and now standing."

We think the evidence sufficient to warrant the findings. The intention of the respondent was manifested by acts done upon the ground, such as constructing a part of the fence and concreting a part of the ground upon one side of the fence. It was not necessary that the whole of the fence should have been constructed.

The petition having been amended so that the description of the land covered by the lien was correct, and there being no other question in dispute, the court properly refused to rule that upon all the evidence the petition could not be maintained. *Pollock* v. *Morrison,* 176 Mass. 83.

*Exceptions overruled.*